# WILLIAM J. JOHNSTON, Appellant, v. L. ANNA GRICE et al.

## Division One, December 3, 1917.

1. **JURISDICTION: Of Circuit Courts: Accounting: Trust Fund: Suit Against Executors.** A petition, filed by plaintiff in his individual capacity, having for its object an accounting in respect to a trust, under which he held certain property, both real and personal, conveyed to him by a testator under separate contract, to be held, managed and disposed of by plaintiff for the purpose of reimbursing himself for money advanced and services performed by him for the benefit of said testator, and naming the executors of

a residuary legatee named in said testator's will as defendants, states a cause of action for equitable cognizance in the circuit court, and the jurisdiction to take the accounting does not reside in the probate court.

2. ———: ———: ———: **Converse of Proposition.** The probate court has no jurisdiction to entertain a petition filed by executors under a will, asking for a decree declaring that an absolute conveyance made by testator be adjudged an equitable mortgage, and that the grantee be required to account for his stewardship as trustee thereunder; and the converse of said proposition, were the situation of the parties reversed, must be true.

3. ———: **Of Probate Court: Equitable Matters: Accounting.** The probate court is not a court of general equitable jurisdiction, although it may, like other courts of law, consider and determine questions of an equitable nature incident to the exercise of its statutory jurisdiction. It may settle the accounts of executors and administrators made by them in the performance of their duties as such, but not their accounts involved in transactions in other capacities, whether as trustees or as individuals.

4. ———: ———: **Death of Beneficiary of Trust: Trustee Named as Executor.** Plaintiff was a surety on the bond of a guardian, and upon his default paid a large sum of money for him, and by way of reimbursement the guardian conveyed to him certain real estate, whereupon he promised the guardian that he would return to him whatever he could save above the debt he had been required to pay and the cost of maintenance and compensation for his service. For six years he administered the trust, after which the guardian died leaving a will in which plaintiff was appointed executor and two other persons were designated as residuary legatees. One of these persons assigned his interest to the other, and died leaving a will in which he named a third person as legatee and appointing two of the defendants as executors. The trustee sues in his individual capacity for an accounting of the trust estate, naming the surviving legatee under the guardian's will and the executors under the other legatee's will as defendants. *Held,* that the death of the guardian had no effect upon the plaintiff's rights or duties under the terms of the trust, although he himself was the beneficiary holding and managing the property for the purpose of paying a debt due him from the guardian, and he was subsequently named by the guardian as executor of his will, and two of the defendants are executors of the will of one of the residuary legatees named in the guardian's will. The probate court has no jurisdiction to settle the account pertaining to the trust estate, but it is one of equitable cognizance in the circuit court, since the account pertains to the execution of the trust, and not to the execution of the guardian's will or the will of said residuary legatee, neither of whom had power by will to change the terms of the trust.

Johnston v. Grice.

5. **TRUSTEE: Compensation for Services.** For services rendered by a trustee under a trust which had its origin in a contract made by the testator under a will naming the trustee executor, no compensation can be allowed to him as executor.

6. **PLEADING: Demurrer: Exhibits.** In determining whether the petition states a cause of action exhibits attached to the petition constitute no part of the petition.

7. **TRUST ESTATE: Equitable Mortgage: Trustee as Executor: Listed in Inventory: Title.** The fact that the trustee under a contract by which certain real estate was conveyed to him to reimburse him for moneys paid for the grantor, inventoried, as a part of the grantor's estate, a residuary interest in all the unsold property, upon his qualification as executor under the grantor's will, which named certain persons as residuary legatees, did not affect either the existence or character of the trust, or amount to a transfer of the fee.

Appeal from St. Louis City Circuit Court.—*Hon. Wilson A. Taylor,* Judge.

REVERSED AND REMANDED.

*P. A. Griswold* for appellant.

(1) This case is within the jurisdiction of the circuit court. Sec. 22, art. 6, Constitution; Secs. 1727, 1794, 2535, R. S. 1909; Santer v. Leveridge, 103 Mo. 622; State v. Dearing, 180 Mo. 64; Hope v. Blair, 105 Mo. 92; McQuillin's Missouri Practice, sec. 206. (2) The probate court has no jurisdiction to determine the title to property. Sec. 34, art. 6, Constitution; Sec. 4056, R. S. 1909; In re Estate of Strom, 213 Mo. 6; State v. Bird, 253 Mo. 579; In re Wood Estate, 138 Mo. App. 262; 2 Woerner's Am. Law of Administration, p. 1033.

*Edwin S. Puller* and *Watts, Gentry & Lee* for respondents.

(1) The demurrer to plaintiff's amended petition was properly sustained. It shows that plaintiff was then acting as executor under the will of Alexander Largue and that his administration had not been completed; nor had his final settlement been approved. The jurisdiction

of plaintiff's accounts is vested in the probate court. Plaintiff voluntarily submitted himself to such jurisdiction when he qualified as executor and continued to act as such for eleven years,.from 1906 down to this date. He cannot now be heard to assert that the probate court has no jurisdiction. Constitution, art. 6, sec. 34; R. S. 1909, sec. 4056. (2) The title to the real estate mentioned in this suit is not in question. Johnston, as executor, inventoried the real estate in the probate court as the property of Alexander Largue. The equitable title thereto immediately vested in Largue's devisees under his will, L. Anna Grice and John Grice. There are no adverse claimants and no adverse claim has ever been asserted as to either the real or personal property by anyone. Plaintiff's petition shows that Largue, by his will of which plaintiff is executor, devised and bequeathed all his real and personal property to L. Anna Grice and John Grice; that John Grice transferred his interest to Mathilde Largue; that Mathilde Largue by her will named Mathilde Puller as her residuary legatee and devisee. These claimants are not adverse and no adverse claimant has ever appeared. The sole issue in this case is whether Johnston is entitled to excessive commissions, charges and expenses in his dual capacity as "trustee" and as executor. In certain instances he claims fifteen per cent commissions as "trustee" and also five per cent commissions as executor on the same items. He has hopelessly commingled his accounts as trustee and as executor. He now denies the jurisdiction of the probate court over his accounts as executor, in the hope that the circuit court will allow him commissions as trustee in excess of the amount which the probate court, under the law, would allow him as executor. (3) Plaintiff claims double commissions as trustee and as executor. Judson v. Bennett, 233 Mo. 607.

BROWN, C.—The amended petition was filed April 3, 1914, against L. Anna Grice and Mathilde A. Puller in their personal capacity, and William B. Thompson and Edwin S. Puller as executors of the will of Mathilde Largue, deceased. The averments, so far as they are

important to the questions here, are that Alexander Largue was guardian of two infants, and plaintiff, at his solicitation, was on his bond; in the year 1900 Largue was, by the probate court of the city of St. Louis, in which the guardianship was pending, removed, and William B. Thompson appointed in his stead; that he was found to be in default in his accounts $8,324.16, which the plaintiff was compelled to and did pay as his surety, in consideration for which Largue transferred and conveyed to him three notes, two of which were secured by deeds of trust on separate tracts of land in St. Louis County, together with five pieces of real estate in the city of St. Louis. The two deeds of trust were foreclosed, and plaintiff became the purchaser.

While these transfers and conveyances were absolute, the plaintiff afterwards voluntarily promised Largue "that if he could save anything out of said property after payment of said liability and the cost of administering said estate, including a charge for his services, he would return same" to him.

Largue died on October 6, 1906, leaving a will in which John Grice and Anna Grice were made the residuary legatees, and plaintiff the executor. Plaintiff qualified, and inventoried, as a part of the estate, a residuary interest in all the said real estate remaining unsold. John Grice died in 1908, having assigned his interest in the estate to Mathilde Largue, and leaving a will in which defendant Mathilde Puller is named as residuary legatee, and defendants William B. Thompson and Edwin S. Puller as executors.

Plaintiff took charge of said property in 1900 and administered it for thirteen years, selling portions thereof, and applying the proceeds to the liability for which he held it, collecting rents, paying taxes and interest, for repairs and the costs and expenses of prosecuting and defending suits, and for commissions on sales and loans negotiated on the property, for all of which he has charged in the account exhibited in connection with his petition $2,142.22 as compensation, and alleges that there still remained in his hands the sum of $1,174.53,

and three pieces of the real estate to which he still holds the title subject to a deed of trust for $2,000 and interest thereon.

The petition further states, in substance, that plaintiff has filed in the probate court his final settlement as executor of the estate of Alexander Largue in which he has charged himself with said sum of $1,174.42, and that the defendant executors have filed exceptions thereto, claiming that they ought to have the further sum of about $2,000 in addition thereto. That each of the defendants Grice and Puller claims an interest in the remaining lands, the exact nature and extent of which plaintiff does not know, and that the defendant executors claim an interest in the said cash balance in his hands.

The prayer for equitable relief is as follows:

"Wherefore, the premises considered, plaintiff prays the court, first, to approve plaintiff's account herein set forth and to award to plaintiff a reasonable compensation for his services in managing and caring for said property, and, second, to ascertain the parties entitled to whatever cash may remain in the hands of plaintiff out of the proceeds of the sale of said property, and their respective interests therein, and third, to ascertain and determine the parties entitled to said three pieces of real estate still held by plaintiff, and their respective interests therein, and for such further orders and relief as to the court may seem just and equitable."

To this petition the defendants, with the exception of Thompson, filed a demurrer, upon the ground that the petition does not state a cause of action, which demurrer was sustained and the plaintiff declining to plead further, judgment was entered for the defendants.

I. While the petition may be inartificial, both in its charges and its prayer, it is plain that it has for its object an accounting in the circuit court with respect to a trust under which the plaintiff held certain property, both real and personal, conveyed to him by Alexander Largue to be held, managed and disposed of for the purpose of reimbursing the trustee on account of

*Accounting in Circuit Court.*

money advanced and services performed for the benefit of the beneficiary. The respondents do not question this in the brief and argument before us. On the contrary, the interest which they assert is not a legal interest, but one arising in equity out of property to which the plaintiff is invested with the legal title. Their only contention is that the jurisdiction to take the accounting resides in the probate court and not in the circuit court. They are perfectly willing to admit the trust and receive its fruits.

The demurrer admits the existence of the trust so far as it is well pleaded in the petition.

Were the situation of the parties reversed, so that these defendants, as plaintiffs, were asking for a decree declaring the absolute conveyance under which plaintiff holds the property involved to be an equitable mortgage, and for an accounting of his stewardship in relation thereto, he could not interpose the defense that he should be sued in his capacity of executor and not as an individual, and the probate court would clearly have no jurisdiction over the issues. Nothing is better settled than that the probate court is not a court of equitable jurisdiction, although it may, like other courts of law, consider and determine questions of an equitable nature incident to the exercise of its statutory jurisdiction. [State ex rel. v. Bird, 253 Mo. 569.] It may settle the accounts of executors and administrators, but this refers only to such accounts as are made in the performance of their duties as such. It has no reference to their accounts involving transactions in other capacities, whether as trustees or as individuals in their business relations.

On the other hand the execution of trusts and supervision of trustees constitute a peculiar branch of equity jurisprudence and the circuit courts of this State are clothed by statute with large jurisdiction in the matter of their appointment, removal and supervision. [R. S. 1909, chap. 122.]

The plaintiff is not a testamentary trustee. His appointment and duties had no connection with any of the

duties or powers within the jurisdiction of the probate courts as conferred by the Constitution. [Constitution, art. 6, sec. 34.] They were incident to the title of lands conveyed to him by Alexander Largue, and which are, by his admission in this pleading, subject in his hands to certain uses which are admitted by the demurrer. After he had been holding them for about six years and managing them in accordance with the trust agreement, his grantor died. His death had no effect upon either his rights or duties under the terms of the trust, because he was himself a beneficiary holding and managing the property for the purpose of paying his debt. His appointment by the grantor as executor of the will and statutory qualification thereunder had no effect upon his title or powers as trustee, but he stood in precisely the same position as if another had been appointed executor, with the exception that in that case it would have been his duty to account to the latter for the money or securities in his hands resulting from the execution of the trust, as well as to the heirs or devisees for the lands remaining, and might have an accounting in equity for that purpose, to which all these would be necessary parties, because it would involve the interests of those entitled to the real estate as well as to the personalty, and determine the conditions upon which the title should be reinvested. It is evident that any adjudication would be incomplete, if not futile, unless it should reach this final conclusion of the entire matter. While the petition is indefinite, there are matters suggested in it with reference to the dealings of plaintiff with the securities held by him under the trust that might call for the serious consideration of a court of equity having jurisdiction to hear and determine them.

We are of the opinion that the matters stated in the petition are clearly cognizable in a court of equity and that they do not pertain to the execution of the will of Alexander Largue, who had no power by his testamentary act to affect the terms of the trust pleaded in this case. Although he might have made such testamentary provisions as would have called upon the plaintiff to determine whether or not he could consistently act

as executor of the will, no such question has yet been presented in this case and we must presume that the testator, in the appointment, acted prudently, and consistently with the trust agreement existing between himself and the plaintiff.

II.  The respondent seems fearful that the exercise of the jurisdiction of the circuit court in this case may result in the payment of double compensation for services performed in the capacity of trustee. This subject was thoroughly discussed by this court in Judson v. Bennett, 233 Mo. 607, in which we said: "A person may act *under a will* in the dual capacity of executor and trustee. But he is not entitled to double commissions for some services performed in one capacity, and others performed in the other capacity, during the same period." We have taken the liberty to italicize three words because of the suggestion they contain that one person may act as *testamentary* trustee and at the same time execute the will.  In this case, as we have seen, no such question arises, as the trust had its origin in a contract made six years before the death of the testator, and provided for the necessary expenditures and services incurred and rendered in its execution, and for these no compensation can be allowed as executor.  As to the line of demarcation between these services we cannot now speak, as nothing but the petition is presented.  It may be that the exhibit filed with it might contain some suggestions applicable to that question, but only the petition is before us, and the exhibit constitutes no part of it for the purpose of this demurrer.

III.  In the decision of this case we have avoided reference to any question other than the question of jurisdiction upon the theory that a trust exists.  A careful reading of the respondents' brief and argument leaves no doubt that it is not their purpose to deny this, although its terms may be questioned upon the coming in of the evidence.  We do not see how the statement in the in-

ventory can affect either its existence or character. It was the duty of the executor to show the condition of the estate both real and personal. The inventory truly stated that it was entitled to a residuary interest in this land, but this was a mere statement of fact, and did not amount to a transfer of the fee, which is still held by the plaintiff in his own right.

The judgment of the circuit court is reversed and the cause remanded for further proceedings.

*Railey, C.,* concurs.

PER CURIAM:—The foregoing opinion of BROWN, C., is adopted as the opinion of the court. All the judges concur; *Bond, P. J.,* in result.