In Re the ESTATE OF SOPHIE FRANZ, Deceased. Claim of G. A. FRANZ and G. A. BUDER, No. 41275—221 S. W. (2d) 739.

Division Two, June 13, 1949.

Rehearing Denied, July 11, 1949.

*Harry C. Blanton, Taylor Sandison* and *G. A. Buder, Jr.,* for appellants.

*Henry A. Baker, Jesse T. Friday* and *E. J. Doerner* for respondents.

█ WESTHUES, C.—On May 14, 1931, G. A. Franz and G. A. Buder filed a claim in the Probate Court of the City of St. Louis, Missouri, in the Estate of Sophie Franz, deceased, wherein █ they asked compensation as trustees in the sum of $810,001.22. The Probate Court on July 19, 1943, dismissed the claim and the trustees appealed to the Circuit Court where, on August 19, 1948, the claim was likewise dismissed and the trustees appealed to this court.

█ Respondents have briefed a number of points wherein they urge the action of the trial court should be sustained. We need only discuss one point and that is the question of the jurisdiction of the probate court over the subject matter of the claim. Before we consider that question we must rule on the respondents' motion to dismiss the appeal. Respondents assert that the dismissal of the claim in the circuit court on August 19, 1948, was with prejudice and, therefore, became a final judgment 30 days after the date of the order. On August 26, 1948, appellants filed a motion to set aside the order of dismissal which was overruled on October 21, 1948. Appellants filed a notice of appeal on October 27, 1948. Respondents say that our code does not authorize a motion for new trial to be filed when an order of dismissal is made on the basis of insufficiency of a petition; that, therefore, the filing of the "Motion To Set Aside" did not carry the case over the 30 days and the judgment became final on September 18, 1948; and that the notice of appeal was filed too late. We cannot agree with respondents. Our Rule 3.24 pertaining to the time when judgments become final for the purpose of an appeal refers to motions for new trial and other after trial motions. The rule contains the following:

"The filing and disposition of such motions has the same effect as to time for appeal in all cases whether or not the motion has any function other than to seek relief in the trial court."

The motion filed in this case was nothing more than a motion asking the trial court to reconsider its ruling and to set aside the dismissal order. It was, in fact, simply a motion for rehearing or new trial. Seabaugh's Dependents v. Garver Lumber Mfg. Co., 355 Mo. 1153, 200 S. W. (2d) 55, cited by both parties in support of their respective contentions, ruled this question. See 200 S. W. (2d) l. c. 63 (8, 9), where it was expressly held that a motion for new trial could be filed in a record proper case and that the filing of such a motion would postpone the finality of the judgment. See also Gerber v. Schutte Inv. Co., 354 Mo. 1246, 194 S. W. (2d) 25, and Jones v.

Williams, 357 Mo. 531, 209 S. W. (2d) 907, l. c. 911 (8-11). The motion to dismiss is overruled.

■ We are of the opinion that the probate judge was right when he dismissed the claim for want of jurisdiction. Appellants by their claim filed in the probate court seek 5% of the corpus of the trust estate as compensation for services rendered as trustees. This is evidenced by the petition filed with the claim. We quote therefrom:

"Your petitioners further represent that under the terms of said trust conveyance they were to be compensated for their services as such Trustees in the handling and management and administration of said properties, funds, securities and assets of said estate, as aforesaid, and that the deceased Sophie Franz, and all of the parties in interest, have from time to time, agreed that five per cent (5%) of the value of said properties would be a reasonable compensation for said services or have acquiesced in and consented to the fixing of such charge for services as being reasonable.

"Your petitioners further state that there is certain litigation now pending in the District Court of the United States for the Eastern Division of the Eastern Judicial District of Missouri, wherein the said Sophie Franz and the heirs and distributees under her last will and testament and the heirs and distributees of the last will and testament of Ehrhardt D. Franz, deceased, are parties; that in said proceedings there are several and divers petitions filed by the heirs and remaindermen under the will of Ehrhardt D. Franz, deceased, wherein they ask for a distribution of their respective remainder interests of the corpus of the Estate of Ehrhardt D. Franz, deceased, and petition and ask the Court to allow these claimants five per cent (5%) on the amount so to be distributed by the said Trustees; ■ that said petitions have not been acted on and your petitioners at this time have no knowledge as to what disposition will be made of the same by said United States District Court.

"Your petitioners further respectfully represent that at the time of the death of the said Sophie Franz, the reasonable market value of the assets derived by her from the Estate of her deceased husband, Ehrhardt D. Franz, and in which said Sophie Franz had a life Estate, and on which no commission has been paid, is Thirteen Million Nine Hundred Fifty-five Thousand Seven Hundred Thirty-three Dollars and Twenty-four Cents ($13,955,733.24), and that the reasonable market value of the property owned by her absolutely at the time of her death is Two Million Two Hundred Forty-four Thousand Two Hundred Ninety-one Dollars and Ten Cents ($2,244,291.10) aggregating Sixteen Million Two Hundred Thousand Twenty-four Dollars and Thirty-four Cents ($16,200,024.34) on which your petitioners are entitled to compensation as aforesaid."

The owners of the $13,955,733.24 of the corpus mentioned in the petition are not parties to this suit. They could not have been made parties in this proceeding when instituted in the probate court. The petition alleged that "all of the parties in interest, have from time to time, agreed that five per cent (5%) of the value of said properties would be a reasonable compensation for said services or have acquiesced in and consented to the fixing of such charge for services as being reasonable." The remaindermen owning the bulk of the property would not be bound by any judgment of the probate court. A court of equity and not the probate court is the proper forum in which to settle this controversy. This is so evident that citations of authorities should not be necessary. In Johnston v. Grice, 272 Mo. 423, 199 S. W. 409, l. c. 410 (1), this court said:

"Nothing is better settled than that the probate court is not a court of equitable jurisdiction, although it may, like other courts of law, consider and determine questions of an equitable nature incident to the exercise of its statutory jurisdiction. State ex rel. v. Bird, 253 Mo. 569, 162 S. W. 119, Ann. Cas. 1915C, 353. It may settle the accounts of executors and administrators, but this refers only to such accounts as are made in the performance of their duties as such. It has no reference to their accounts involving transactions in other capacities, whether as trustees or as individuals in their business relations."

See also 65 C. J. 932, Sec. 846.

Appellants say the probate court had jurisdiction because the life tenant was required under the law to preserve the corpus of the estate for the benefit of the remaindermen and, therefore, her estate would be liable for the compensation of the trustees appointed by her to perform a duty imposed upon her by law. Appellants cite among other authorities In Re Buder, 358 Mo. 796, 217 S. W. (2d) 563, l. c. 574 (14, 15). That case does not aid appellants. The court there said: "It is clear that under the circumstances of record here the commissions of the trustees were lawfully chargeable only against the life tenants' income from the trust property." What appellants seek in this case is compensation for services rendered on the basis of an agreement with the life tenant and the remaindermen. They ask that the amount allowed be taken from the corpus of the estate, the bulk of which is owned by the remaindermen. Since appellants referred to the above case, we desire to call attention to what was said in that opinion, 217 S. W. (2d) 568, with reference to this very claim. The court commenting stated: "G. A. Buder testified that just prior to that meeting some of the remaindermen had tried to have him waive his claim to a part of the commissions. He declined to do so." The evidence referred to concerned the 5% claimed in this suit. In that case this court also said: 217 S. W. (2d) l. c. 573 (11-13)

"Absent a contract and absent a provision in the trust instru-

ment fixing the basis for computing trustees' commissions, the allowance as a trustees' commission of a portion of corpus upon final distribution to the beneficiaries (or remaindermen) does not go as a matter of right but is a matter wholly within the discretion of the court. There could be circumstances, of course, of unusual or extraordinary character in the matter of the services rendered which would justify a court in departing from the general practice of allowing trustees' commissions only out of the yearly income received and disbursed.''

Appellants also cite Fiske v. Buder, 125 F. (2d) 841. The case is no authority for appellants' contention that the probate court has jurisdiction to try this case. The probate judge in an opinion filed with his order correctly ruled as follows:

''Obviously, upon Mrs. Franz's death, it became the duty of her trustees, in possession and control of the corpus of said trust, to render to the legal representatives of Sophie Franz and the remaindermen, a true, just and final accounting and settlement of their management and control of the corpus of said trust. In such a settlement this demand can or could be finally adjudicated. Of course, this court has no jurisdiction of such a settlement, and the settlor of this trust was powerless to confer that jurisdiction upon it, as was attempted to be done by the trust instrument in this case.''

Whether or not trustees are entitled to commissions on the corpus of the trust estate when distribution is made depends upon the circumstances of the case. 65 C. J. 918, Sec. 820. Such a question is generally within the jurisdiction of a court of equity. 65 C. J. 890, Sec. 787. Appellants by their claim are not seeking compensation for services rendered to the life tenant but 5% of the bulk of the estate. Certainly the life tenant should not and could not legally be made to pay 5% of the corpus of the estate on an agreement made by the remaindermen.

We, therefore, rule that the Probate Court of the City of St. Louis had no jurisdiction to pass upon appellants' claim. The case was, therefore, rightly dismissed in that court and also so dismissed in the circuit court.

The judgment is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.