Roy **MOSHER** and Marie Mosher,
Plaintiffs–Respondents,

v.

**LEVERING INVESTMENTS, INC.,**
Defendant–Appellant.

No. 73100.

Supreme Court of Missouri,
En Banc.

April 9, 1991.

Richard B. Scherrer, Thomas B. Weaver, David Harpool, St. Louis, for defendant-appellant.

Clyde C. Farris, Jr., Lori K. Cochran, St. Louis, for plaintiffs-respondents.

**DON W. KENNEDY, Special Judge.**

█ This appeal has been transferred to this Court after opinion by the Missouri Court of Appeals, Eastern District, for the reexamination of existing law. We determine the case the same as on original appeal. *Mo. Const. art. V, § 10.* We draw liberally upon the court of appeals' opinion authored by the Honorable Gerald M. Smith, without further attribution.

Defendant appeals from a judgment against it based upon a jury verdict in an unlawful detainer action. The jury found $18,462.00 as the rent due and the trial court doubled that as required by *§ 534.-330, RSMo 1986.* We affirm.

The jury verdict was returned on August 2, 1989. The court directed the counsel for the plaintiff to prepare the judgment. The court signed the judgment on August 7 but, for reasons never explained, the judgment did not find its way into the court file until at least September 11. Defendant filed its motions for judgment notwithstanding the verdict and for new trial on September 26. The trial court denied the motions as untimely filed.

Defendant contends the ruling on the post-trial motions was erroneous. *Rule 78.04* provides:

A motion for a new trial shall be filed not later than fifteen days after the entry of the judgment on a jury verdict, *which judgment shall be entered as of the date of the verdict,* except as provided in *Rule 74.01....* (Emphasis added.)

█ The entry of a judgment on a jury verdict is a ministerial act and failure to formally enter the judgment does not affect the time requirements imposed by *Rule 78.04. Floyd v. Brenner,* 542 S.W.2d 325, 327 (Mo.App.1976). Defendant asserts that the request by the judge for the plaintiff's attorney to prepare the judgment operates to toll the time specified for the filing of post-trial motions. The cases relied upon for that proposition deal with *Rule 73.01* pertaining to court-tried cases and are inapplicable here. Whether a formal judgment was entered after August 2 or not, the time for filing post-trial motions began to run on that date.

█ Defendant also contends that because the judgment rendered doubled the rents found due by the jury and ordered restitution of the premises to plaintiffs, it went beyond the verdict and *Rule 78.04* does not apply. The order of restitution and doubling of the rent due are both mandated by *§ 534.330.* Their inclusion in the judgment is ministerial. On August 2 all parties knew what the judgment of the court was. The post-trial motions were untimely filed and the court did not err in so finding.

█ Because the post-trial motions were untimely filed the remaining contentions of error were not preserved for review and could be examined only for plain error. Those allegations of error are premised basically on the same underlying ground. Over plaintiffs' objection defendant was allowed to elicit evidence that over a four-year period it had consistently paid the rent late, that plaintiffs had voiced no objection at any time to such late payments, and that in fact plaintiffs had previously owned the business housed in the leased premises and agreed that defendant should meet its other obligations before making the rent payments. There was also evidence that defendant had in at least one prior year been late in payment of the

taxes. The notice of termination of the lease was issued on February 3, 1989, two days after the February rent became due. The trial court refused to instruct the jury on the affirmative defense of estoppel. Defendant premises error on that refusal. It also premises error on the failure of the trial court to require the plaintiffs' verdict director to include a jury finding of the terms of the lease on the basis that plaintiffs' conduct in accepting late payment was a modification of the contract. The evidence does not support a contention that the lease was modified. The issue is solely whether an instruction on estoppel should have been submitted. The trial court refused such an instruction on the basis that affirmative defenses are not allowed in unlawful detainer actions.

The court of appeals correctly determined that the error had not been preserved for review, but proceeded to review the allegations of error as plain error under *Rule 84.13(c)*. It held, citing *Lake in the Woods Apartment v. Carson*, 651 S.W.2d 556, 558 (Mo.App.1983), "that no equitable defenses, including estoppel are available in unlawful detainer actions" and that the trial court was therefore not in error in refusing to submit defendant's estoppel defense. For the reexamination of that rule of law, however, the court of appeals transferred the case to this Court.

An appellate court has wide discretion in reviewing non-preserved error under *Rule 84.13(c)*, but to give appellate relief on the ground of non-preserved error, the error must be "[p]lain error affecting substantial rights" resulting in "manifest injustice or miscarriage of justice." The denial of an instruction submitting the defense of estoppel cannot, in the face of *Lake in the Woods Apartment v. Carson*, 651 S.W.2d at 558, be said to be "plain error", if error at all. We do not find the criticized action of the trial court to entitle defendant to appellate relief without having presented the claim of error to the trial court in a seasonably filed motion for a new trial.

Judgment affirmed.

ROBERTSON, RENDLEN, HIGGINS, COVINGTON and HOLSTEIN, JJ., and SHANGLER, Special Judge, concur.

BLACKMAR, C.J., and BILLINGS, J., not sitting.