Dean Keith KEMP, Plaintiff/Respondent,

v.

BURLINGTON NORTHERN RAILROAD
COMPANY, Defendant/Appellant.

No. 68764.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 16, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 28, 1996.

Application to Transfer Denied
Oct. 22, 1996.

William A. Brasher, Brasher Law Firm, St. Louis, for appellant.

Leonard P. Cervantes, Cervantes & Associates, St. Louis, J. Mark Kressenberg, Jones & Granger, Houston, TX, for respondent.

GERALD M. SMITH, Presiding Judge.

Defendant Burlington Northern Railroad Company appeals from a judgment based on jury verdicts for plaintiff totalling $560,000 in this action brought pursuant to the Federal Employers' Liability Act. We affirm.

Plaintiff, Dean Kemp, a machinist's helper, brought his action in two counts. Count I sought damages for a burn to his leg. The defendant admitted liability for that injury and the jury unanimously assessed plaintiff's damages at $60,000. In Count II plaintiff alleged that he had sustained white matter brain damage due to over-exposure on the job-site to chlorinated organic solvents, i.e., mineral spirits. The jury returned a nine-person verdict on that count for $500,000. There is no challenge on appeal to the submissibility of the case.

Plaintiff began work for the defendant in 1974. From 1981 until he left the railroad in 1990, plaintiff regularly used mineral spirits to clean parts, tools, locomotive motors, machines and floors. Mineral spirits contain neurotoxins, which can cause brain damage through skin contact and inhalation. Plaintiff's experts testified that mineral spirits can damage the myelin in the brain; myelin is the coating over the brain's white matter. Destruction of myelin leads to injury to the white matter, which in turn affects the speed

with which an individual can process information. Plaintiff contended that the railroad negligently failed to provide instruction regarding the use of mineral spirits, negligently failed to provide him with protective equipment, and negligently required him to use excessive amounts of mineral spirits.

Plaintiff's experts testified that he had been exposed to excessive amounts of mineral spirits, that he had white matter brain damage caused by organic solvents, and this damage affected his higher executive functions such as memory, ability to make decisions and plan, and to control impulses. Kemp testified that he was unaware of the possibility of brain damage until 1990 when he sought treatment for his burn. He had previously experienced headaches regularly but assumed they were sinus headaches caused by moisture in the room where he worked.

■ Defendant's first three points involve essentially the same issue. During plaintiff's closing argument counsel stated:

And on this verdict if only nine of you can agree, say three of you say, "Well, we think the railroad should have the name on the form," and the other nine of you say "No, we think it should be Dean Kemp" *then just those nine of you decide on the damages. The three of you who didn't find in favor of Dean Kemp don't participate in the decision to assess damages. So it only takes nine to decide the case.* (Emphasis supplied).

Defendant objected that the underlined portion of the argument was a misstatement of the law. It further requested that the court instruct the jury orally and in writing that the statement was incorrect and no juror was excluded from deliberating and voting on the issue of damages. The trial court declined to give defendant's proposed written instructions but did orally state to the jury that "all of you may participate in any discussion about awarding damages, if any at all, at any time. All of you may, you know, enter into that discussion."

Defendant attached to its motion for new trial the sworn statements of three jurors that suggested that jurors who voted for defendant on liability had not been permitted to participate in damage deliberations. The record does not reflect that a hearing was held on the motion for new trial and it was denied by expiration of the time limits of Rule 78.06.

Defendant contends in its first point that the statement of counsel denied it a fundamental right to a fair trial by twelve jurors because several jurors were excluded from participating in jury deliberations on plaintiff's damage award. While defendant places much stress on the interpretation that counsel's statement indicated that the three minority jurors could not participate in the "deliberations" on damages, that is not what counsel said. What he said was that those three "don't participate in the decision to assess damages." That statement is correct.

In *Stacy v. Truman Medical Center,* 836 S.W.2d 911 (Mo.banc 1992) the court stated:

The jury was properly instructed in accordance with MAI 2.04 that nine or more of the jurors had to agree in the verdict. This means that the same nine jurors must agree upon all of the elements necessary for a verdict for or against any particular party claiming damages.... If these jurors [those agreeing on liability] return a verdict in favor of the plaintiff, then those same nine jurors must also agree upon the amount of damages. [18].

*Powell v. Norman Lines, Inc.,* 674 S.W.2d 191 (Mo.App.1984) held that the rule which the Stacy court subsequently applied is not applicable where the jury is required to return more than one verdict. There it was held that one group of nine jurors could find a party negligent, while another group of nine apportioned fault. Although there were two different verdicts here, the *Powell* exception does not apply. As to each count nine jurors were required to agree on both liability and damages. That could have been two different groups of nine on each count, but for each count the same nine had to agree on liability and damages.

■ We do not find that the statement of counsel indicated any thing other than that the same nine jurors must agree on liability and damages. The last sentence of the quot-

ed argument so indicates. If there existed any ambiguity as to the meaning of "participate" it was clarified by the oral admonition or clarification given by the court that all jurors were entitled to participate in any discussion about awarding damages. Such an admonition need not be in writing. *McDowell v. Schuette,* 610 S.W.2d 29 (Mo. App.1980)[19]. We find no abuse of discretion in the court's determination not to give a written instruction because it would unnecessarily highlight the matter. The defendant's second point premised upon failure to give a written instruction is without merit, as is the first point based on the argument itself.

■ Defendant's third point is that there was jury misconduct revealed by the sworn statements of the jurors attached to the motion for new trial. The firmly entrenched rule in Missouri is the *Mansfield* rule which is that a juror's testimony or affidavit may not be used to impeach the verdict as to misconduct inside or outside the jury room whether before or after the jury is discharged. *Stotts v. Meyer,* 822 S.W.2d 887 (Mo.App.1991)[1]. Defendant seeks to invoke an exception to the rule that it does not apply where the opposing party permits the introduction of a juror's statement or admission concerning jury misconduct without raising an objection. *Stotts, supra* at [4]. Plaintiff did not permit the introduction of the statements. They were attached to defendant's motion for new trial. Plaintiff was under no obligation to make any response to that motion. The defendant did not seek to place the statements into evidence and no hearing was held on the motion for new trial. The statements were not self-proving. The exception does not apply and defendant's third point is without merit.

■ Defendant's fourth and fifth points are related. The fourth premises error on the trial court's refusal to give a contributory negligence instruction on the plaintiff's excessive use of mineral spirits. The fifth premises error on the trial court's refusal to instruct the jury on the statute of limitations and require it to find whether plaintiff was aware of his injury and its cause more than three years prior to the date suit was filed. Both points rest on the basic premise that

plaintiff had knowledge that exposure to mineral spirits was causing him to have symptoms such as skin irritations, burns, nausea, dizziness, or headaches.

■ Both points fail because there is nothing of record that plaintiff had any idea prior to 1990 that his exposure to mineral spirits would or did cause the serious condition which he has. His failure to exercise greater care in using mineral spirits may have been a failure to protect himself from the minor injuries and discomforts listed above for which he did not seek damages. It did not constitute an absence of due care to protect himself from the serious injury he had, which he did not know could result from exposure to mineral spirits. It is fundamental error to give a contributory negligence instruction in a FELA case where there is no evidence from which a jury could find an absence of due care on the employee's part. *Conley v. Burlington Northern Railroad Company,* 712 S.W.2d 381 (Mo.App.1986)[l.c. 384].

Similarly, plaintiff's knowledge of the minor conditions from which he suffered as set forth above, and even his knowledge of their cause, is not knowledge of the much more serious condition from which he now suffers. *Reasons v. Union Pacific Railroad Company,* 886 S.W.2d 104 (Mo.App.1994)[12]. It was not until 1990 that he became aware of the condition from which he suffers and the cause of that condition. Suit was filed within three years of that awareness.

Defendant's sixth point involves refusal of the trial court to give an instruction on plaintiff's failure to mitigate damages. It is sufficient to say the evidence did not support such an instruction. Defendant's final point premises error on the court's failure to sustain its objections to statements made by plaintiff's counsel during closing argument. One of the statements would have better been left unsaid. One constituted proper rebuttal. None rise to the level of prejudice required to reverse the judgment. We cannot find the trial court to have abused its considerable discretion in controlling argument. Extended discussion of the those two

points would have no precedential value. Rule 84.16(b).

Judgment affirmed.

GARY M. GAERTNER and RHODES RUSSELL, JJ., concur.