**STATE of Missouri, ex rel. Daniel BOYER and Linda K. Boyer, Relators,**

**v.**

**Honorable Timothy W. PERIGO, Circuit Judge, 40th Judicial Circuit, Newton County, Missouri, Respondent.**

No. 22139.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 30, 1998.

---

James H. Arneson, Miller & Sanford, P.C., Springfield, for Relators.

Dwight Douglas, Douglas, Douglas & Selby, L.L.C., Neosho, for Respondent.

GARRISON, Chief Judge.

This original proceeding in mandamus arises from an underlying action in which Daniel Boyer and Linda K. Boyer ("Relators") filed suit against John Flowers, d/b/a Metro Express ("Defendant Metro Express"), Jack Lawton Webb ("Defendant Webb"), and Henson Oil Company, Inc. ("Defendant Henson Oil"), seeking damages for the alleged pollution of their water well. The case was tried to a jury which returned a verdict on December 11, 1997, awarding Relators $100,000 in damages against Defendants Webb and Henson Oil, and finding in favor of Defendant Metro Express.

In returning the verdict, the jury altered the form of verdict furnished to them by the trial court which was patterned after MAI 36.05 and contained one set of twelve signature lines. Instead of using the single set of twelve signature lines for the signatures of those who agreed with the entire verdict, however, the jury created three separate columns which they used for deciding each of the issues presented to them. One of these columns was used for the signature of those jurors who agreed with the verdict's finding in favor of Defendant Metro Express. All twelve jurors signed their names in this col-

umn. The other two columns were used for the signatures of those jurors in favor of liability against Defendants Webb and Henson Oil and the $100,000 in damages awarded to Relators. Each of these columns contained nine signatures, but only seven of the signatures from the two columns were the same. Thus, only seven of the jurors agreed both that Defendants Webb and Henson Oil were liable to Relators, and that Relators should recover $100,000 in damages from those defendants.

It appears from the transcript that neither relators nor defendants' attorneys were initially aware of the nature of the alterations to the form of verdict; instead, they were told by the trial court that "there's some signatures on the back, which I'll need to go through. Let me make sure they've been signed by all nine— at least nine." The transcript indicates that there was a pause, after which the trial court said, "okay" and excused the jury. The next day, Defendants Webb and Henson Oil filed documents entitled "Objection to the Verdict Rendered in the Cause," objecting that "the same nine jurors did not rule on the issue of liability as apparently attempted to award a money judgment." They requested that the trial court not accept the verdict, but instead declare a mistrial. On January 13, 1998, the trial court sustained the motion and declared a mistrial.[1]

 Relators seek an order of mandamus directing the trial court to vacate its order granting a mistrial, and enter a judgment in accordance with the jury verdict. This Court entered a preliminary order in mandamus, directing the trial court to take no further action to enforce its order of mistrial until further order of this Court. We now quash that preliminary order. Relators first argue that the trial court acted in excess of its jurisdiction by sustaining the motion for a mistrial thirty-two days after the jury returned its verdict. They contend that the trial court retained jurisdiction to sustain such a motion for only thirty days after the verdict was rendered.[2]

 A trial court retains control over its judgments during the thirty-day period immediately following the entry of a judgment and may amend such judgments at any time during this period. *Ritter Landscaping, Inc. v. Meeks,* 950 S.W.2d 495, 496 (Mo.App. E.D. 1997). Rule 78.04[3] provides that "[a] motion for a new trial shall be filed not later than thirty days after the entry of the judgment on a jury verdict." Rule 78.06 states that "[i]f the motion for a new trial is not ruled on within ninety days after the motion is filed, it is overruled for all purposes." Rule 81.05 adds that "authorized after-trial motions shall be treated as, and as a part of, a new trial motion." Accordingly, a trial court retains control of its judgment for thirty days after the entry of the judgment on a jury verdict, unless a motion for new trial or other authorized after-trial motion is filed within such thirty days, in which event a trial court then retains jurisdiction for up to ninety days after the entry of its judgment. *See Ryan v. Parker,* 812 S.W.2d 190, 192 (Mo.App. W.D. 1991).

 Relators contend that the defendants' documents entitled "Objection to the Verdict Rendered in the Cause" did not serve as motions for a new trial or any other authorized after-trial motions that would extend the trial court's jurisdiction over the case. In support, Relators seem to suggest that a motion for a new trial must carry that title. That premise is incorrect. In *In re Franz' Estate,* 359 Mo. 362, 221 S.W.2d 739, 740 (Mo.1949), the Missouri Supreme Court held that a "Motion to Set Aside [an order of dismissal]" was nothing more than a motion asking the trial court to reconsider its ruling and to set aside a dismissal order; it was, in

1. It should be noted that none of the parties here explore the issue of whether the new trial should involve Defendant Metro Express.

2. A writ of mandamus will issue where the court has exceeded its jurisdiction or authority. *State ex rel. Schnuck Markets, Inc. v. Koehr,* 859 S.W.2d 696, 698 (Mo. banc 1993). The writ may lie both to compel a court to do that which it is

obligated by law to do and to *undo* that which the court was by law prohibited from doing. *Id.*

3. All rule references are to Missouri Rules of Civil Procedure (1998) and all statutory references are to RSMo 1994, unless otherwise indicated.

fact, simply a motion for a rehearing or new trial. Similarly, in *Taylor v. United Parcel Service, Inc.*, 854 S.W.2d 390, 393 (Mo. banc 1993), the Missouri Supreme Court held that it was appropriate to treat a motion entitled "Motion to Reconsider the Order of the Court Granting Defendant's Motion for Summary Judgment" as a motion for new trial because it placed before the trial court allegations of error in the trial.[4] *See also Massman Construction Co. v. Missouri Highway & Transp. Comm'n*, 914 S.W.2d 801 (Mo. banc 1996) (holding that despite the language in *Taylor* that seems to limit the number of authorized after-trial motions to the six listed therein, a motion for additur is an authorized after-trial motion, pursuant to § 537.068, that operates as a new trial motion for the purposes of ascertaining the time within which an appeal must be taken).

In this case, the documents filed by Defendants Webb and Henson Oil were essentially timely filed motions for a new trial. Although the documents were not titled "motion for a new trial," and they asked for a "mistrial" instead of a "new trial," they were filed two days after the verdict and they placed before the trial court allegations of trial error that, if true, could warrant a new trial. As such, this Court deems the documents filed to be timely filed motions for a new trial which extended the trial court's jurisdiction over its judgment for up to nine-

ty days after its entry. *Taylor*, 854 S.W.2d 390; *In re Franz' Estate*, 359 Mo. 362, 221 S.W.2d 739. Furthermore, the trial court ruled on these motions only thirty-two days after the jury rendered its verdict. Therefore, the court's ruling on the motions took place well within the ninety-day jurisdictional limitation.[5]

. ▮ Relators next argue that it is not necessary that the same nine jurors agree upon both liability and the amount of damages to be awarded. Consequently, they contend that the verdict rendered was valid, the intent of the jury is ascertainable, and that the trial court should be ordered to enter judgment on the verdict in their favor.[6] We disagree.

▮ Article I, § 22(a) of the Missouri Constitution and § 494.490 state, in pertinent part, "Three-fourths or more jurors may return a lawful verdict." In *Stacy v. Truman Medical Center*, 836 S.W.2d 911, 924 (Mo. banc 1992), the Missouri Supreme Court held that in a case where nine or more jurors must agree on a verdict, the same nine jurors must agree upon all elements necessary for a verdict for or against any particular party claiming damages. Thus, the same nine jurors that agree upon liability against a defendant must also agree upon the amount of damages. *Id; Kemp v. Burlington Northern Railroad Company*, 930 S.W.2d 10, 12, (Mo. App. E.D.1996).

4. The Court also ruled that for purposes of the rules of civil procedure, a summary judgment proceeding is a "trial," because it results in "a judicial examination and determination of the issues between the parties." *Taylor*, 854 S.W.2d at 393.

5. Numerous cases have held that a trial court is to enter its judgment on a jury verdict on the same day the verdict is rendered, and the final jury verdict, not the mere ministerial act of recording the judgment entry, triggers the running of relevant time limitations. *See Mosher v. Levering Investments, Inc.*, 806 S.W.2d 675, 676 (Mo. banc 1991); *Greeson v. Ace Pipe Cleaning, Inc.*, 830 S.W.2d 444, 446 (Mo.App. W.D.1992); *Ryan*, 812 S.W.2d at 192. Rule 78.04, however, was recently amended. The former rule read: "A motion for new trial shall be filed not later than fifteen days after the entry of the judgment on a jury verdict, *which judgment shall be entered as of the date of the verdict.* ..." Missouri Rules of Civil Procedure (1993) (emphasis added). The new rule omits the above-italicized words from

the rule. Our research reveals no cases that have ruled on the issue of whether the change in wording of this rule affects the above mentioned holdings. It is not necessary that we address that issue in this case, however, because either the ruling took place thirty-two days after the judgment was entered (i.e., the day the verdict was returned), or no judgment was entered on the verdict at all. Either way, the trial court was within its ninety-day jurisdictional period in ruling on the motion.

6. While mandamus cannot be used to control the judgment and discretion of a public official, it may be used to compel the performance of mere ministerial acts or duties. *State ex rel. Board of Health Center Trustees of Clay County v. County Commission of Clay County*, 896 S.W.2d 627, 632 (Mo. banc 1995). Relators cite *Mosher v. Levering Investments, Inc.*, 806 S.W.2d 675, 676 (Mo. banc 1991), for the proposition that "entry of a judgment on a [proper] jury verdict is a ministerial act."

Relators contend that this Court is not bound by the *Stacy* case because the Supreme Court's "adoption" of the "same nine jurors" rule is merely dictum, and therefore not constitutionally binding on this Court. We do not so interpret *Stacy*. In *Powell v. Norman Lines, Inc.*, 674 S.W.2d 191, 199 (Mo.App. E.D.1984), the Eastern District of this Court held that in a negligence case, one combination of nine jurors could agree on a verdict against two defendants, and another combination of nine jurors could agree on apportionment of fault among those two defendants. The Court reasoned that the apportionment of fault claim was a separate claim from plaintiff's claim. In *Stacy* the Missouri Supreme Court found the need to specifically distinguish *Powell* on that basis. *Stacy*, 836 S.W.2d at 924.

Furthermore, in cases such as this one, where a plaintiff seeking damages brings the same claim against several defendants, the MAI verdict forms approved by our Supreme Court, including MAI 36.05, contain only one set of lines for juror signatures. This at least implies that the requisite number of jurors needed to sign the verdict are to be in agreement on all issues required to be found in order to return that verdict. The *Stacy* court noted that fact in support of its statement that "[i]f these jurors return a verdict in favor of the plaintiff, then those same nine jurors must also agree upon the amount of the damages." *Id.*

If any nine jurors could agree on liability and any nine jurors could agree on damages, a plaintiff could ultimately prevail by convincing only six persons unanimously of her position with regard to *both* liability and damages. To illustrate this point, suppose that in a negligence case against a single defendant, only juror numbers one through nine agreed that the defendant was liable, while only juror numbers four through twelve agreed that the defendant should pay

$50,000 in damages. Ultimately, under an "any nine jurors" rule, the plaintiff would prevail, because nine jurors agreed that the defendant was liable and nine jurors agreed that the plaintiff should recover $50,000 in damages. Yet the plaintiff only convinced six jurors unanimously (i.e., juror numbers four through nine) of *both* the defendant's liability and the plaintiff's right to recover $50,000 in damages. Thus in such a case, the "any nine jurors" rule serves to alter the plaintiff's burden from convincing a *unanimous* group of at least nine to convincing a *unanimous* group of only six. The "same nine jurors" rule, on the other hand, requires a plaintiff to convince at least a group of nine jurors unanimously of his or her case.

■ In this case, only seven of the nine jurors voting on liability and damages, voted both to find against Defendants Webb and Henson Oil and to award damages of $100,000. As such, nine jurors did not agree on both the issue of liability and the issue of damages with respect to Defendants Webb and Henson Oil.[7] Pursuant to *Stacy*, the verdict was invalid.[8]

Defendants Webb and Henson Oil timely filed motions which were the equivalent of motions for a new trial, and the trial court acted within its jurisdiction in ruling on those motions. Relators were not entitled to a judgment on the verdict as the verdict was invalid as a matter of law. Accordingly, the preliminary order of mandamus entered by this court is now quashed.

Preliminary order of mandamus is quashed.

MONTGOMERY, J., and BARNEY, J., concur.

---

**7.** In a case such as this, where the jurors altered the verdict form by adding additional columns for signatures, it would have been helpful if the trial court had scrutinized the verdict and drawn the attorneys' attention to the verdict's format before the jury was discharged. "It is such an easy matter to call the jury's attention to the ambiguity in the verdict at the time it is returned, and have it corrected and made absolutely definite and certain before the jury is discharged...." *Singleton v. Kansas City Baseball & Exhibition Co.*, 172 Mo.App. 299, 157 S.W. 964, 966 (Mo.App.K.C.1913).

**8.** Because this Court holds that the verdict was invalid as a matter of law, the ability to ascertain the intent of the jury from the verdict is irrelevant.