James R. BERGER, Appellant,

v.

CAMERON MUTUAL INSURANCE COMPANY, Respondent.

No. SC 86622.

Supreme Court of Missouri, En Banc.

Oct. 18, 2005.

Don B. Roberson, Kansas City, MO, for Appellant.

Kent M. Bevan and Matthew W. Geary, Kansas City, MO, for Respondent.

RICHARD B. TEITELMAN, Judge.

## FACTS

James R. Berger filed suit alleging that Cameron Mutual Insurance Company breached an insurance contract by refusing to pay a claim. On March 10, 2004, the circuit court entered judgment in favor of Cameron. On March 25, 2004, Berger filed a "motion for rehearing." The court did not rule on Berger's motion, and on June 28, 2004, Berger cancelled the motion hearing he had scheduled. Berger did not file a notice of appeal with the circuit court.

On December 20, 2004, Berger filed with the court of appeals his motion for a special order to file a late notice of appeal pursuant to Rule 81.07. The court over-ruled the motion. This Court transferred the case. Mo. Const. article V, section 10.

## ANALYSIS

■ Timely filing of a notice of appeal is jurisdictional. *In re Lunar Tool & Machinery, Inc.,* 857 S.W.2d 322, 324 (Mo. App.1993). A notice of appeal must be filed no later than ten days after the judgment or order being appealed becomes final. *Rule 81.04(a).* Rule 81.07(a) establishes a process for obtaining a special order permitting a late notice of appeal. In pertinent part, the rule provides that:

> The special order may be allowed by the appellate court only upon motion with notice to the adverse parties filed within six months from the date of final judgment, and only upon a showing by affidavit, or otherwise, that the delay was not due to appellant's culpable negligence.

The six month time period within which a prospective appellant can seek a special order cannot be enlarged. *Snelling v. Masonic Home of Missouri,* 904 S.W.2d 251, 253 (Mo.App.1995). Accordingly, the first issue is whether Berger's motion for a special order to file a late notice of appeal was filed within six months of the date of the final judgment.

A judgment becomes final thirty days after its entry unless an authorized after-trial motion is timely filed. *Rule 81.05(a)(1).* If an authorized after-trial motion is timely filed, a judgment becomes final at the earlier of the following: (a) ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or (b) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later. *Rule 81.05(a)(2).* Therefore, if Berger's March 25, 2004, "motion for rehearing" is an authorized

after-trial motion, the judgment became final on June 23, 2004, and his December 20, 2004, motion to file a late notice of appeal was filed within the six month time period provided by Rule 81.07. If the motion for rehearing is not an authorized after trial motion, then judgment became final in April 2004, and the motion is untimely.

■ Cases should be heard on the merits if possible, and court rules should be construed liberally to allow an appeal to proceed. *Sherrill v. Wilson,* 653 S.W.2d 661, 663 (Mo. banc 1983). In determining whether a motion is an authorized after-trial motion, Missouri courts have looked not to the nomenclature employed by the parties, but to the actual relief requested in the motion. In *Taylor v. United Parcel Service, Inc.,* 854 S.W.2d 390 (Mo. banc 1993), the Court held that a motion for a new trial is an authorized after-trial motion that is "directed toward errors of fact or law in the trial." *Taylor* at 392. Even though the motion at issue in *Taylor* was a "Motion to Reconsider the Order of the Court Granting Defendant's Motion for Summary Judgment," the Court concluded that it was, in effect, a motion for a new trial because the motion placed before the trial court allegations of error. *Id.* at 392. In reaching this conclusion, the Court cited *In re Franz' Estate,* 359 Mo. 362, 221 S.W.2d 739, 740 (1949), for the proposition that "a motion to set aside a default judgment 'was nothing more than a motion asking the trial court to reconsider its ruling and to set aside its dismissal order. It was, in fact, simply a motion for rehearing or new trial.'" *Id.* (quoting *In re Franz' Estate,* 221 S.W.2d at 740). Subsequent cases have reaffirmed the principle that a motion that operates as a motion for a new trial is an authorized after-trial motion. *See Moore v. Baker,* 982 S.W.2d 286, 288 (Mo.App.1998) (holding that a motion to reconsider the setting aside of a default judgment operates as a motion for new trial).

■ Berger's March 25, 2004, "motion for rehearing" alleged several bases of trial court error regarding contested legal and factual issues and constitutes an authorized after-trial motion. The motion was never ruled upon. Therefore, by operation of Rule 81.05(a)(2), the judgment became final ninety days after the motion was filed, on June 23, 2004. The motion to file a late notice of appeal was timely filed on December 20, 2004, because it was filed six months of the final judgment as required by Rule 81.07.

■ Although Berger filed his motion to file a late notice of appeal within six months of the final judgment, Rule 81.07 also requires that the delay in filing the notice of appeal was not due to appellant's culpable negligence. Berger's counsel attached to the motion an affidavit explaining why the notice of appeal was not timely filed. In the affidavit, counsel stated that the delay was attributable to the onset of various medical issues as well as computer problems that resulted in lost files. The failure to timely file the notice of appeal appears to be the result not of culpable negligence, but of negligence arising out of difficult circumstances largely beyond counsel's control.

## CONCLUSION

The motion for special order to file a late notice of appeal was filed timely. The delay in filing the notice of appeal was not due to culpable negligence. The prior order overruling the motion is vacated, and the motion is sustained.

All concur.