**Paul HAMM, Plaintiff/Appellant,**

v.

**Larry CRAWFORD, et al., Respondents.**

No. ED 92440.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 28, 2009.

Paul Hamm, Mineral Point, MO, pro se.

Rex Fennessey, St. Louis, MO, for respondents.

NANNETTE A. BAKER, C.J.

Plaintiff Paul Hamm (Appellant) appeals from the trial court's judgment dismissing his petition for declaratory judgment he filed against Larry Crawford, Michael Layden, and Steve Larkin (Respondents). Because Appellant's notice of appeal is untimely, the appeal is dismissed.

This Court has an obligation to discern its jurisdiction to consider an appeal. *State v. Lynch,* 192 S.W.3d 502 (Mo.App. E.D.2006). If a timely notice of appeal has not been filed, this Court is without jurisdiction to review the appeal and it must be dismissed. *Roberts Plaza II, LLC v. 4915 LLC,* 209 S.W.3d 535, 536 (Mo.App. E.D. 2006). Under Rule 81.04(a), the notice of appeal must be filed no later than 10 days after the judgment becomes final. If a party files a timely authorized after-trial motion, the judgment becomes final at the expiration of ninety (90) days after the filing of the motion or, if such motion is passed on at an earlier date, at the later of: (1) thirty (30) days after the entry of

judgment; or (2) disposition of the motion. Rule 81.05(a).

Here, the trial court's judgment contains two different dates. The body of the judgment, the file stamp on the judgment, and the docket entry all indicate that the judgment was entered on November 21, 2008. However, the trial judge wrote the date November 24, 2008 on the judgment underneath his signature. Appellant filed a timely motion to amend on December 2, 2008, which the trial court denied on December 3, 2008. Assuming the judgment was entered on November 24, 2008, it became final on December 23, 2008. Rule 81.05(a). The notice of appeal, therefore, was due on or before January 2, 2009. Rule 81.04(a). Appellant's notice of appeal, which was filed on January 9, 2009, is untimely.

This Court issued an order directing Appellant to show cause why his appeal should not be dismissed. Appellant has not filed a response. If this Court lacks jurisdiction to entertain an appeal, then it should be dismissed. *Buff v. Roper*, 155 S.W.3d 811, 812 (Mo.App. E.D.2005). The appeal is dismissed for lack of a timely notice of appeal.

PATRICIA L. COHEN and KENNETH M. ROMINES, JJ., concur.