**James DUDLEY and Jennifer Ersery, Appellants,**

v.

**SOUTHERN UNION COMPANY, Respondent.**

**No. WD 71981.**

Missouri Court of Appeals, Western District.

Nov. 16, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 21, 2010.

James Dudley, pro se.

Jennifer Ersery, pro se.

Martin M. Montemore, Kansas City, MO, for respondent.

Division One: JAMES M. SMART, JR., P.J., MARK PFEIFFER, and CYNTHIA L. MARTIN, JJ.

PER CURIAM:

James Dudley and Jennifer Ersery appeal the summary judgment in favor of Missouri Gas Energy. The appellants raise multiple points on appeal. The appeal is dismissed.

### Facts

Given our analysis, we will not present a lengthy recitation of facts. This appeal pertains to a billing dispute between the appellants and Missouri Gas Energy (MGE). James Dudley brought two Public Service Commission complaints, alleging wrongful termination of service and wrongful transfer of a tenant's bill to a residential account. The Public Service Commission determined that MGE did not violate tariffs or rules in discontinuing service. It further determined that MGE was not authorized to transfer the tenant's bill to the residential account. The Commission ordered that the tenant's bill be removed from the residential account. Dudley was unsatisfied, because he believed the termination of service was due to the wrongful transfer of account. MGE ceased collection efforts as to the tenant's bill.

Dudley and Jennifer Ersery filed a lawsuit against MGE alleging damages related to the termination of service. The suit also alleged damage to Dudley's credit as a result of the wrongful transfer. The trial court dismissed the petition with prejudice.

On appeal, this court held that Dudley could not claim damages as to the termination of service, but he could amend the petition to state a claim based on the wrongful transfer as to any damages flowing from the transfer. This court remanded to let Dudley proceed as to the wrongful transfer. *Dudley v. Southern Union Co.*, 261 S.W.3d 598 (Mo.App.2008).

On remand, MGE moved for summary judgment. The trial court noted that Dudley failed to comply with Rule 74.04 in his responses. The court also said Ersery failed to sign the responses filed by Dudley, resulting in her admission of the facts. The trial court granted summary judgment in favor of MGE. It said that Dudley admits he never applied for credit during the relevant time frame and was never denied credit. MGE never reported Dudley's alleged debt to a credit bureau. The

trial court found that Dudley cannot prove damages.

Dudley appeals to this court.

## Analysis

We first consider whether the appeal is properly before us. MGE argues that the appeal was not timely filed. "A notice of appeal must be filed no later than ten days after the judgment or order being appealed becomes final." *Berger v. Cameron Mut. Ins. Co.*, 173 S.W.3d 639, 640 (Mo. banc 2005) (*citing* Rule 81.04(a)). "A judgment becomes final thirty days after its entry unless an authorized after-trial motion is timely filed." *Id.* (*citing* Rule 81.05(a)(1)). "If an authorized after-trial motion is timely filed, a judgment becomes final at the earlier of the following: (a) ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or (b) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later." *Id.* (*citing* Rule 81.05(a)(2)).

Summary judgment in favor of MGE was entered on October 29, 2009. A post-judgment motion to amend or alter the judgment was filed on November 9, 2009. The court denied that motion on December 15, 2009. Thus, the judgment became final on December 15, 2009. The appeal in the current case was filed on January 15, 2010, well beyond the ten-day window. The appeal was not timely filed, and we lack authority to proceed.

"Rule 81.07(a) establishes a process for obtaining a special order permitting a late notice of appeal." *Id.* It allows a party to file the motion within six months from the date of the final judgment. *Id.* That six-month time period cannot be enlarged. *Id.* Our record shows that Dudley and Ersery did not timely request permission to file their appeal out of time. We have no choice but to dismiss the appeal.

## Conclusion

The appeal is dismissed for lack of a timely notice of appeal. *See Hamm v. Crawford*, 281 S.W.3d 923, 924 (Mo.App. 2009).