**Betty Lou OBERMANN,
Petitioner-Appellant,**

v.

**H.W. (Bud) OBERMANN,
Respondent-Respondent.**

**No. 49651.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 12, 1985.

Motion for Rehearing and/or Transfer
Denied Dec. 17, 1985.

Application to Transfer Denied
Jan. 15, 1986.

Alan E. Dewoskin, St. Louis, for petitioner-appellant.

David N. Morgan, St. Louis, for respondent-respondent.

SNYDER, Judge.

In this dissolution action the wife appeals from an order setting aside a default judgment against the husband. The appeal is dismissed.

The wife raises two issues on appeal. First, that the order setting aside the default judgment is an appealable order. Second, that the trial court erred in setting aside the default judgment.

As accurately as this court can read them from the record on appeal, the following actions were then taken in the trial court:

August 20, 1984 Wife filed dissolution petition.

November 19, 1984 A default judgment was taken against the husband on the wife's petition.

November 27, 1984 Husband filed a motion to set aside the default judgment.

December 5, 1984 Motion to set aside default judgment called. Continued and reset for December 13, 1984.

December 6, 1984 Default judgment vacated by court.

December 7, 1984 Husband's answer filed.

December 12, 1984 Husband filed "application" for court to set aside default judgment on court's own motion.

December 13, 1984 Husband's motion to set aside default judgment heard and submitted.

Court, on its own motion, vacated and held for naught its "memo" of December 6, 1984 vacating the default judgment.

Husband's application for court to set aside default judgment on its own motion denied.

December 18, 1984 Husband's motion to set aside default judgment granted.

This appeal followed.

The steps taken in the trial court, for whatever reason, are set forth above in full because the wife attaches some significance to the fact that the trial court denied husband's application for the court to set aside the default judgment on its own motion. Although the reason for that ruling is not disclosed by the record, it is possible the court ruled so on the day of the hearing because the wife was entitled to a hearing and the trial judge wanted to delay his final ruling until the hearing was concluded. *State ex rel. Stoffer v. Moore,* 628 S.W.2d 637 (Mo. banc 1982).

At any rate, this court considers the order setting aside the default as made within thirty days of the judgment when the case still reposed in the trial court subject to the trial court's control, and subject to the law as set forth in the decisions relating to the vacating of default judgments.

An order setting aside a default judgment is not appealable. *Bussiere's Adm'r. v. Sayman,* 257 Mo. 303, 165 S.W. 796, 798[3] (Mo.1914); *Kallash v. Kuelker,* 347 S.W.2d 467, 471[3] (Mo.App.1961).

To the same effect is the ruling in *Owens v. Owens,* 280 S.W.2d 867, 868–69[3] (Mo.App.1955). In *Owens,* the husband failed to answer his wife's petition for divorce. A default judgment was entered against the husband. The husband then filed a motion to set aside the default judgment. Within thirty days of the judgment, the judge ordered it set aside. *Id.* at 867–68. The court held the appeal was premature and dismissed it. *Id.* at 869[4].

In *Byrd v. Brown,* 613 S.W.2d 695 (Mo. App.1981) the court emphasized the distinction between an order setting aside a final judgment and granting a new trial and an order made within thirty days setting aside a default judgment and granting a trial. *Id.* at 698 fn. 1.

The rationale for this distinction is explained in *Diekmann v. Associates Discount Corporation,* 410 S.W.2d 695 (Mo. App.1966). In *Diekmann,* the plaintiffs appealed from an order vacating a default judgment against one defendant. A default judgment set aside within thirty days is not a final judgment. During this thirty day period a default judgment is "within the breast of the court" and not yet final. Setting it aside is a discretionary act from which no appeal lies. *Id.* at 697[1–3]. Even when a motion is filed to vacate the judgment, the court is deemed to have acted on its own initiative when it sets the default judgment aside within thirty days. *Id. See also Lambert Brothers, Inc. v. Tri City Construction Co.,* 514 S.W.2d 838, 842[2] (Mo.App.1974) (court deemed to have acted on own initiative if it sets aside default judgment within thirty days even when the order refers to the defendant's motion to set aside judgment and sustains it). If the default judgment is set aside after the thirty day period, the judgment has become final and an appeal is appropriate. *Dieckmann,* 410 S.W.2d at 698.

In the case under review, the default judgment was entered on November 19, 1984 and the order setting aside the judgment was entered on December 18, 1984. Therefore, the default judgment never became final because it was set aside within thirty days. Because the judgment is not final, this appeal is premature.

The wife argues that the order setting aside the default judgment is appealable because the *motion to set aside* the default judgment was filed less than fifteen days after the judgment was entered and the granting of the motion therefore should be considered an order granting a new trial. An order granting a new trial is appealable pursuant to RSMo. § 512.020.

In *Crossland v. Admire,* 118 Mo. 87, 24 S.W. 154 (1893), the court ruled that an order setting aside a default judgment is not an order granting a new trial. The court stated: "... We do not think an order setting aside a judgment rendered on default is included within the terms or intent of the statute. There had been no 'trial,' within the meaning of that term,. and a trial must precede a new trial." 24 S.W. at 154.

The *Crossland* decision was followed in *Farrell v. DeClue,* 365 S.W.2d 68 (Mo.App. 1963). In *Farrell,* a suit for damages arising from a motor vehicle accident, the court held that an order setting aside a default judgment is not an order granting a new trial and that an appeal will not lie from such an order. *Id.* at 74[7].

The wife bases her argument that the setting aside of the default is appealable on the court's language in *State ex rel. Stoffer v. Moore,* 628 S.W.2d 637 (Mo. banc 1982). In *Stoffer,* the plaintiffs appealed an order setting aside a default judgment because they alleged they did not have proper notice of the court's action. The supreme court discusses the trial court's retention of a judgment for thirty days. The court states that "[d]uring this time and on its own initiative, the court may *inter alia* vacate the judgment and order a new trial. If, as in this case, a motion to set aside judgment is filed within the fifteen days after judgment is entered, it may be treated as a motion for new trial; extending the time during which the court may act from thirty to ninety days." *Id.* at 643[2, 3].

More important to the case at bar, the court in *Stoffer* further states that if a trial court sets aside the default judgment within the initial thirty days, the court is deemed to have acted on its own initiative even though the order refers to the party's motion to set aside and sustains it. The motion is considered only as a suggestion to the court. *Id. Lambert Brothers, Inc. v. Tri-City Construction Co., supra.*

The language in the *Stoffer* case merely authorizes the trial court to retain jurisdic-

165

tion over the judgment for an extra sixty days, but it also authorizes a finding that the trial court here acted on its own initiative in setting aside a default judgment within a thirty day period after it was entered, an order not appealable.

The wife's second issue on appeal need not be discussed because the appeal is premature.

The appeal is dismissed.

SMITH and CARL R. GAERTNER, JJ., concur.

**C.J.(S.)R., Petitioner-Appellant,**