**Settie G. HOEY, Plaintiff-Appellant,**

v.

**ST. LUKE'S EPISCOPAL PRESBYTERIAN HOSPITAL,
Defendant-Respondent.**

Nos. 50921, 51050.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 29, 1986.

Nadine Valeria Nunn, St. Louis, for plaintiff-appellant.

John G. Doyen, Gary Phillip Paul, Clayton, for defendant-respondent.

KAROHL, Presiding Judge.

Plaintiff, Settie Hoey, appeals an order sustaining defendant St. Luke's Episcopal Presbyterian Hospital's motion to dismiss on the ground that plaintiff's medical malpractice suit is barred by the statute of limitations. § 516.105 RSMo 1978.

Plaintiff alleged in her petition that on November 9, 1982, she sought medical treatment from defendant, Dr. Jendrisak but he sent her home untreated. She later developed an infection due to his negligence and sustained damages.

Plaintiff brought suit on November 9, 1984, naming "Dr. Jendrisak" and "St. Luke's Hospital (Charter Hospital of St. Louis, Inc.)." The filing occurred on the last day permitted under § 516.105 RSMo 1978. Service was obtained in the City of St. Louis on the registered agent of Charter Hospital.

The following is the procedural history of the lawsuit:

| | |
|---|---|
| 11–9–84 | Petition filed against Dr. [Martin] Jendrisak and St. Luke's Hospital (Charter Hospital of St. Louis, Inc.) |
| 12–27–84 | Dr. Martin Jendrisak and Charter Hospital of St. Louis, Inc., d/b/a St. Luke's Hospital East filed Motions to Dismiss for failure to state a cause of action and defendant Charter did not own or operate St. Luke's Hospital on November 9, 1982 and was not a successor corporation. |
| 2–22–85 | Motions to Dismiss of Charter Hospital and Dr. Jendrisak sustained. |
| 2–22–85 | Alias summons requested for service on "St. Luke's Hospital" c/o Registered Agent in Chesterfield, St. Louis County, Missouri. |
| 3–25–85 | Service of petition on J. Humphreys, Vice-President of St. Luke's [Episcopal-Presbyterian Hospital] |
| 4–5–85 | Charter Hospital files Motion to Quash the alias summons. |
| 4–8–85 | Charter Hospital files Motion to Dismiss. |
| 4–23–85 | Charter Hospital's Motions sustained. |
| 4–24–85 | Default and inquiry on defendant, "St. Luke's Hospital" granted. |
| 4–29–85 | Plaintiff attempts to enter default against "St. Luke's Hospital". |
| 5–1–85 | St. Luke's Episcopal-Presbyterian Hospital's Motion to Dismiss and Plea of Nul Tiel Corporation filed. |
| 5–24–85 | Plaintiff's default and inquiry set aside; St. Luke's Motion to |

|  |  |
|---|---|
|  | Dismiss and Plea of Nul Tiel Corporation sustained; plaintiff granted leave to amend. |
| 6–6–85 | St. Luke's Episcopal-Presbyterian Hospital's Motion to Dismiss or for summary judgment filed. |
| 8–6–85 | Motion to Dismiss sustained for St. Luke's Episcopal Presbyterian Hospital. |

In support of Charter's motion to dismiss filed on December 27, 1984, they claimed Charter Hospital and St. Luke's Episcopal Presbyterian Hospital are [and always were] two separate and independent corporations; Charter Hospital is not a successor corporation to St. Luke's Episcopal Presbyterian Hospital; on September 28, 1984, Charter Hospital purchased some but not all of the assets of St. Luke's Hospital East; Charter Hospital did not purchase or assume any of the liabilities of St. Luke's East; and Charter Hospital did not exercise any control over the operation of St. Luke's East.

Plaintiff claims on appeal the trial court erred in sustaining defendant St. Luke's Episcopal Presbyterian motion to dismiss. Plaintiff argues first that the statute of limitations was tolled upon the filing of the petition on November 9, 1982 and second that naming "St. Luke's Hospital (Charter Hospital of St. Louis)" was a misnomer and the amended petition relates back to the date the petition was filed. We cannot agree.

Relation back of a correction of a misnomer historically has been allowed when it is clear the proper party received service. *Watson v. E.W. Bliss Co.*, 704 S.W.2d 667, 670 (Mo. banc 1986). Rule 55.33(c) states an amendment to the petition relates back to the date of filing when the party brought in by the amendment has received notice of the institution of the action within the period provided by law for commencing the action and the party knew or should have known that but for the mistake in identity the action would have been brought against him.

A review of the record indicates plaintiff originally named "St. Luke's Hospital (Charter Hospital of St. Louis, Inc.)." On May 24, 1985, plaintiff's petition was amended by interlienation to name St. Luke's Episcopal Presbyterian Hospital. The amendment occurred six and one-half months after the statute had expired. This amendment occurred after the suit against Dr. Jendrisak and Charter Hospital, d/b/a St. Luke's Hospital was dismissed on February 22, 1985. It also took place after service on "St. Luke's Hospital" c/o a registered agent in Chesterfield, Missouri.

This is not a case where the correct defendant or an entity legally related to the defendant was timely served under the wrong name and subsequent amendment made. The intent of plaintiff may have been to sue St. Luke's Episcopal Presbyterian Hospital but the 1984 petition and summons reached only Charter Hospital. The amendment was not a correction of a misnomer but was the introduction of a new and unrelated defendant to the original law suit. The intended defendant was not connected in any way with Charter Hospital and had no actual or constructive notice of the law suit until after the statute of limitations had expired. Under these circumstances, the amended petition does not relate back to the unserved, unrelated and unnotified defendant and the court properly sustained the motion to dismiss based upon the statute of limitations.

Plaintiff also claims the trial court erred in setting aside the interlocutory default judgment against "St. Luke's Hospital" on May 24, 1985. The order set aside a default and inquiry granted on April 24, 1985 and was set aside within thirty days. Rule 74.05.

We find no error for two reasons. First, the default was granted on the basis of an alias summons on a defendant who was not a party to the law suit at the time of service on February 22, 1985, appellant St. Luke's Episcopal Presbyterian Hospital. This defendant was not named by an amended petition until May 24, 1985. Second, during the thirty day period after a default judgment the judgment is within the "breast of the court" and not yet final

and appealable. *Obermann v. Obermann,* 701 S.W.2d 162, 163–64 (Mo.App.1985). Only when the default judgment is set aside after the thirty day period is the order appealable. 701 S.W.2d at 164.

There is no dispute of fact and we find no error as a matter of law. Respondent's motion to dismiss appeal for failure to comply with Rule 84.04(d) became moot when appellant filed and we accepted an amended brief. Accordingly, the motion is overruled.

The judgment of the trial court dismissing the petition is affirmed.

SIMON and GARY M. GAERTNER, JJ., concur.