Christine STEIFERMAN, Appellant,

v.

K–MART CORPORATION, Respondent.

No. WD 39645.

Missouri Court of Appeals,
Western District.

March 8, 1988.

CITY OF KANSAS CITY, Respondent,

v.

Robert TUCKNESS, Appellant.

No. WD 39598.

Missouri Court of Appeals,
Western District.

March 8, 1988.

Before GAITAN, P.J., and TURNAGE and CLARK, JJ.

Paul T. Graham of Carson, Coil, Riley, McMillin, Levine & Veit, P.C., Jefferson City, for appellant.

Duane E. Schreimann and Donald C. Otto, Jr. of Hendren and Andrae, Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and NUGENT, JJ.

MANFORD, Judge.

Appellant (plaintiff below) appeals from the order of the circuit court setting aside a default judgment rendered for appellant on her Petition for Damages. The appeal is dismissed.

Appellant filed her petition on January 15, 1987, alleging that she had been wrongfully detained by respondent (defendant below) and had suffered damages thereby. Respondent was served through its agent with a summons and copy of the petition on January 28, 1987, and on February 12, 1987, these papers were delivered to Underwriter's Adjusting Company.[1]

No responsive pleading having been filed, appellant filed her Motion for Interlocutory Judgment in Default on March 2, 1987. The circuit court granted said motion on the same date without notice to respondent. On March 6, 1987, the court held a hearing to assess damages. Respondent was not present, but appellant presented evidence on damages.

On March 30, 1987, the court entered its order awarding damages in the amount of $25,000 actual damages and $125,000 punitive damages plus costs. Respondent filed its Motion to Vacate Judgment and Motion for New Trial on April 10, 1987, and on April 22, filed its Suggestions in Support of its motion along with affidavits concerning issues of reasonable diligence, meritorious defense, and prejudice to plaintiff.

On June 22, 1987, the circuit court conducted a hearing on respondent's motions.[2] Both parties were present for this hearing. The court took the matter under advisement and on July 6, 1987, granted respondent's Motion to Set Aside the Default

---

1. Underwriter's Adjusting Company is a claims administration firm which handles the actual litigation of claims against respondent.

2. Respondent, on May 7, 1987, filed an Equitable Motion to Set Aside Default Judgment on Grounds of Accident or Mistake.

Judgment. It is from this order that appellant appeals.

Although appellant raises two points on appeal, this court does not take up and rule said points but instead dismisses the appeal for the following reasons:

■ This court's appellate jurisdiction is limited to review of orders after *final judgment* is rendered in the case. Section 512.020, RSMo 1986. Therefore, the issue before this court is whether the default judgment in this case is a final judgment.

■ Ordinarily, a judgment becomes final after the expiration of thirty days after the entry of such judgment. Rule 81.05. During that time, the trial court retains jurisdiction over the judgment, and can vacate, reopen, correct, amend or modify the judgment for good cause. Rule 75.01, and *see Obermann v. Obermann*, 701 S.W.2d 162 (Mo.App.1985). However, the 30–day period may be extended by the filing of a motion for new trial within fifteen days after the entry of the judgment. Such filing extends the jurisdiction of the court and the judgment is not final until the expiration of ninety days after the filing of such motion. Rules 81.05 and 78.04. During this 90–day period, the court retains the same power under Rule 75.01 and may vacate, reopen, correct, amend or modify the judgment.

The trial court's order, setting aside the default judgment, was not entered within the 30–day time period under Rule 81.05. However, by filing its Motion to Vacate Judgment and Motion for New Trial within 15 days after the default judgment was rendered, respondent successfully extended the time period within which the trial court could exercise control over the judgment. *See Davis v. Moore*, 610 S.W.2d 665, 668 (Mo.App.1980). The default judgment, rendered on March 30, 1987, would therefore not be a final judgment until July 9, 1987, and since the trial court acted to set aside the default judgment on July 6, 1987, the judgment never became final. There being no final judgment, this court is without jurisdiction to hear this appeal. Section 512.020, RSMo 1986.

Appellant takes exception to this argument and asserts her argument that the order appealed from is an order granting respondent's Equitable Motion to Set Aside the Default Judgment (filed May 7, 1987), and since said motion was filed after the expiration of thirty days after the rendering of the default judgment, the judgment became final before the trial court acted to set aside the judgment. This argument fails for two reasons:

■ First, appellant assumes that because the court's order states that it is granting respondent's "Motion to *Set Aside* Default Judgment", the court was acting on respondent's "Equitable Motion for the Court to *Set Aside* Default Judgment" as opposed to respondent's "Motion to *Vacate* Judgment". Appellant's argument is merely an exercise in semantics. Black's Law Dictionary 1388 (rev. 5th ed.1979) defines the word "vacate" as: "To annul; to set aside; ..." The trial court's order which "set aside" the judgment had the effect of "vacating" the judgment. Therefore, there is no way to tell which motion the court was granting.

■ Second, exactly which motion the court granted is of no consequence because respondent's Motion to Vacate Judgment successfully extended the period of time over which the trial court could control the judgment and the court is then empowered under Rule 75.01 to grant a number of different types of motions.

For the reasons set forth *supra*, the appeal is dismissed.

All concur.