**Richard JACOBS, Appellant,**

v.

**Raymond HOWARD & Mary Lee Moore, Respondents.**

No. 58067.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 31, 1990.

Richard Jacobs, St. Louis, pro se.

Raymond Howard and Mary Lee Moore, St. Louis, pro se.

CARL R. GAERTNER, Judge.

Plaintiff appeals from the trial court's denial of his motion to set aside the dismissal of his petition. Because his notice of appeal was filed out-of-time, we are without jurisdiction and the appeal must be dismissed.

This law suit is an aftermath of an earlier action filed by Mary Moore against Richard Jacobs seeking to quiet title to a parcel of real estate. Jacobs successfully defended the action in the trial court and on appeal. *Moore v. Jacobs*, 655 S.W.2d 830 (Mo.App.1983). At some time thereafter, Jacobs filed this action for damages against Mary Moore based upon alleged malicious prosecution of the quiet title suit. In that case, on August 7, 1989, Jacobs filed an "Amended Petition for Fraud against Defendant Raymond Howard." In this pleading Jacobs made no claim that Mr. Howard owed any duty to him, but rather he alleged that Mr. Howard, Mary Moore's attorney in the quiet title action, made false, fraudulent and material misrepresentations to Mary Moore concerning the merits of her law suit. Because of the fraud perpetrated upon Mary Moore, Jacobs claimed to have been damaged.[1] Mr. Howard's motion to dismiss for failure to state a cause of action was sustained on October 18, 1989. Jacobs claims he had no notice the motion was to be taken up on that date and that he first learned of the dismissal on January 2, 1990, while examining the court file. On that date he filed a voluntary dismissal as to defendant Mary Moore. Thereafter, on January 9, 1990 Jacobs filed a motion entitled:

> Plaintiff's motion for the court to reconsider its Order of January 3, 1990 "denying" the "oral motion" of plaintiff relating to the Order entered by the court of October 18, 1989, dismissing the plaintiff's cause of action "with prejudice" against defendant Raymond Howard and affidavit in support thereof.

Despite the fact the legal file fails to reflect any oral motion or any denial thereof on January 3, 1990, the trial court considered this to be a motion to set aside the judgment of October 18, 1989 pursuant to Rule 74.06(b)(1) or (3). After an evidentiary hearing on January 17, 1990, the motion was denied.

Rather than appealing from this order, on February 16, 1990 Jacobs filed "Plaintiff's Motion To Reconsider Refusal To Set Aside Dismissal Of Plaintiff's Cause Of Action Against Defendant Howard." This motion has no legal effect under the circumstances of this case. The Missouri Rules of Civil Procedure contain no provision for a "Motion to Reconsider". Nor can the motion be considered a valid motion for a new trial as it was filed more than fifteen days after the January 17 order.

---

1. It is noteworthy that this action for "fraud" was first filed more than six years after final judgment in the quiet title action. While Jacobs may have been attempting to evade the statute of limitations by alleging fraud, he failed to plead any facts relating to the discovery of the fraud which might extend the period of limitations beyond the five years set forth in § 516.120(5) RSMo 1986.

Rule 78.04. Therefore, the motion to reconsider failed to delay the finality of the order beyond February 16, 1990, the thirty day period during which the court retains control of its judgments. Rule 75.01. This finality is in no way affected by the denial of the motion to reconsider on February 22, 1990.

Jacobs filed a notice of appeal on March 2, 1990. Failure to file a notice of appeal within 10 days after the judgment or order becomes final is jurisdictional. *Goldberg v. Mos*, 631 S.W.2d 342, 345 (Mo.1982). We are without jurisdiction to consider Jacobs' appeal and it must be dismissed.

SMITH, P.J., and SATZ, J., concur.