**Peggy E. MOORE, Respondent,**

v.

**Josh N. BAKER, Appellant.**

**No. WD 55505.**

Missouri Court of Appeals,
Western District.

Dec. 22, 1998.

John Franke, Kansas City, for appellant.

Arthur Kase, Kansas City, for respondent.

Before PAUL M. SPINDEN, Presiding Judge, ROBERT G. ULRICH, Judge, and EDWIN H. SMITH, Judge.

SPINDEN, Presiding Judge.

Josh N. Baker appeals the circuit court's denial of his motion to set aside a default judgment and the denial of his motion for reconsideration of the denial of his motion to set aside the default judgment. He contends that the circuit court did not have personal jurisdiction over him because he did not receive service of process. The circuit court erred in denying Baker's motion without an evidentiary hearing, so we remand the case to the circuit court for further proceedings.

On August 11, 1997, Peggy E. Moore sued Baker for damages resulting from an automobile collision. According to a deputy sheriff's return, the deputy served Baker on August 24, 1997, at a fraternity house near the University of Missouri–Kansas City. The return said, "I hereby certify that I have served the within [sic] summons in Jackson County, Missouri on 8–24, 1997, by delivering a copy of the summons and a copy of the petition to the within [sic] named defendant, Josh N. Baker at 5229 Rockhill Rd. Kansas City, MO[ .]"

On September 8, 1997, the circuit court convened a hearing. Baker did not appear, and the circuit court entered default judgment for Moore.

Notwithstanding the default judgment, Baker filed an answer to Moore's petition on December 10, 1997.[1] Baker's answer did not aver lack of service of process.

Baker then filed, on January 8, 1998, a motion to set aside the default judgment in which he alleged that service of process was insufficient. He averred that he did not reside at the fraternity house and did not have actual or constructive notice of the September 8, 1997, hearing. The circuit court overruled the motion to set aside on January 12, 1998, without a hearing.

On January 23, 1998, Baker asked the circuit court to reconsider its denial of his motion to set aside. He averred that the service of process was improper because it was not personally served on him or left at his dwelling house or usual place of abode. Attached to the motion was Baker's affidavit which said that Baker did not live at the fraternity house when the deputy served the process—that he had moved to Lawrence, Kansas, on August 16, 1997. He also said that, during the Summer 1997, his permanent residence was at his parents' house in Kansas City. He also said that he received no notice of the lawsuit or the September 8 hearing. The court denied the motion to reconsider on February 19, 1998, without a hearing. Baker filed his appeal on February 24, 1998.

---

1. The record does not explain why Baker filed his answer, but he attached to his brief a facsimile transmission which his attorney, F. Coulter deVries, sent to a partner of Moore's attorney, Joe Cambiano. The fax message said, "Attached is the Summons for a Petition and Interrogatories filed by your partner Art Kase[.] My client received this earlier this week from a friend who lives at the fraternity house on 5229 Rockhill. My client has been living in Lawrence for the past several months. According to the friend, 'somebody left this for Josh at the fraternity house.' I can envision an insurance defense attorney considering this to be 'bad service' and I am sure Art doesn't want to waste his time fighting that battle. Hopefully I have a solution—how about [my] accepting service for Josh Baker and forwarding the petition to the insurance company in St. Louis with service being effective as of today? Will that work? Sorry to bother you with this but Art's voice mail says he is out of town until 11–4–97. This just came to my attention and I didn't want there to be any further delay. Please advise."

Moore contends that we should dismiss this appeal on the ground that Baker did not file his notice of appeal on time, depriving us of jurisdiction. We disagree.

■ A court's judgment to grant or to deny a motion to set aside a default judgment is independent of the underlying judgment. *Kueper v. Murphy Distributing*, 834 S.W.2d 875, 878 (Mo.App.1992); *Clark v. Brown*, 794 S.W.2d 254, 256 (Mo.App.1990).[2] The circuit court retains control of its judgment for 30 days after denying a motion to set aside, and the judgment becomes final when the 30 days expire. *Kueper*, 834 S.W.2d at 878. A party then has 10 days to appeal the judgment. Rule 81.04(a); *Kueper*, 834 S.W.2d at 878.

■ • Baker's motion for reconsideration, however, tolled the time for his appeal. Generally, a motion for reconsideration has no legal effect because neither the Supreme Court nor the General Assembly have authorized motions for reconsideration. *Koerber v. Alendo Building Company*, 846 S.W.2d 729, 730 (Mo.App.1992). Under certain circumstances, however, and in the interest of facilitating substantive review of an appeal, we treat a motion for reconsideration as a motion for new trial if the motion is timely filed. *Id.*

■ "A trial is a judicial examination and determination of issues between the parties to an action, whether they be issues of law or fact, before a court that has jurisdiction." *Taylor v. United Parcel Service, Inc.*, 854 S.W.2d 390, 392 (Mo. banc 1993). Because a motion to set aside a default is an independent action and because the circuit court's denial of Baker's motion to set aside involved a judicial examination of the issues, we treat Baker's motion for reconsideration as a motion for new trial. Because Baker filed his motion for reconsideration within the time allowed for filing a motion for new trial and

because Baker filed his notice of appeal within 10 days of the denial of the motion for reconsideration, his appeal before this court was timely. *See generally Jacobs v. Howard*, 801 S.W.2d 744 (Mo.App.1990). We, therefore, have jurisdiction over his appeal.

■ That brings us to the merit of Baker's appeal—that the circuit court did not have jurisdiction to enter its judgment and, therefore, abused its discretion in refusing to set aside its judgment. This issue is premature; we do not have a factual basis for deciding it. The reason we lack a sufficient record is the circuit court's failure to convene an evidentiary hearing to consider Baker's motion. This failure was error, and we remand for the circuit court to correct its error.

Rule 74.05(d) provides that a circuit court can set aside a default judgment if the motion avers facts which constitute a meritorious defense and for good cause shown. Baker averred a meritorious defense to Moore's lawsuit and showed good cause for setting aside the default judgment: that the circuit court lacked personal jurisdiction over him, so its judgment is void. *K and K Investments, Inc. v. McCoy*, 875 S.W.2d 593, 596 (Mo.App.1994).

■ When a party avers a *prima facie* basis under Rule 74.05(d) for setting aside a default judgment, the circuit court is obligated to convene an evidentiary hearing to give the moving party an opportunity to establish good cause. *Boatmen's First National Bank v. Krider*, 802 S.W.2d 531, 532 (Mo.App. 1991). Because the circuit court did not understand its obligation and summarily overruled Baker's motion without an evidentiary hearing, we remand the case to the circuit court so that it can convene a hearing to receive evidence concerning Baker's averments.

We are not ruling on the merits of Baker's motion. We leave it to the circuit court to

2. We recognize that some courts have considered a motion to set aside a default judgment as an after-trial motion in the nature of a motion for new trial and is subject to the time limitations imposed on motions for new trial. Rule 74.05, effective January 1, 1988, changed the time limitations and allowed a motion to set aside a default judgment to be filed up to one year after entry of the default. "This new time provision serve[d] to sharply distinguish motions to set aside default judgments from motions for new trial and other motions in the nature thereof." *Clark v. Brown*, 794 S.W.2d 254, 256 (Mo.App. 1990). Hence, the courts now consider motions to set aside a default judgment to be an independent action.

decide whether Baker is entitled to relief after it receives evidence.

ROBERT G. ULRICH and EDWIN H. SMITH, JJ., concur.