**Janice KLAUS and Matthew Klaus, Plaintiffs/Appellants,**

v.

**James SHELBY, Defendant/Respondent.**

**No. ED 75469.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 9, 1999.

Louis B. Eckelkamp, III, Washington, for appellant.

Timothy J. Melenbrink, Union, for respondent.

Before: RHODES RUSSELL, C.J., WILLIAM H. CRANDALL, Jr., J., and RICHARD B. TEITELMAN, J.

*ORDER*

Michael D. Stokes, St. Louis, for appellant.

Thomas J. Noonan, Andrew D. Ryan, St. Louis, for respondent.

ROBERT G. DOWD, Jr., Judge.

Plaintiffs, Janice Klaus and Matthew Klaus, appeal from the trial court's granting of a motion to set aside a $4,500 default judgment for Matthew Klaus and a $150,000 default judgment for Janice Klaus both against Defendant, James Shelby. Plaintiffs, in their sole point on appeal, argue the trial court erred in granting Defendant's motion to set aside the default judgment because Defendant failed to show good cause for his failure to timely answer or reply to Plaintiffs' petition as required by Rule 74.05(d). We dismiss the appeal.

On May 27, 1998, Plaintiffs sued Defendant for injuries they sustained in a car accident. Defendant was served with process on June 8, 1998, but failed to appear at the scheduled hearing. On October 13, 1998, a default judgment was entered against the Defendant. Defendant retained counsel on October 23, 1998, and moved to set aside the default judgment. On October 23, 1998, the trial court granted Defendant's motion to set aside the

default judgment in a notation at the bottom of the motion without a hearing.

On December 7, 1998, Plaintiffs moved to set aside the order setting aside the default judgment. The motion was heard on December 7, 1998. The trial court set aside the October order that set aside the default judgment and a second time granted Defendant's motion to set aside the default judgment in a Memorandum.[1] The Memorandum was filed on December 10, 1998. Plaintiffs appeal the trial court's granting of Defendant's motion to set aside the default judgment.

■ Before considering Plaintiffs' allegation of error, we address a point Defendant raises in his brief and a threshold issue of whether this court has jurisdiction to consider the merits of this appeal. The jurisdictional issue is whether the trial court lost control over the judgment at the time of the granting of Defendant's motion. We find a motion to set aside a default judgment is an authorized after trial motion which extends the trial court's control over the default judgment to ninety days from the day the motion is filed. The trial court granted the motion to set aside the default judgment within the ninety-day period in which the trial court maintained control over the judgment, and therefore, no appealable final judgment exists.

■ The appellate court has jurisdiction only over final judgments. *McKean v. St. Louis County*, 936 S.W.2d 184, 185 (Mo.App. E.D.1996); Section 512.020, RSMo 1994. Rule 75.01 provides that "[t]he trial court retains control over judgments during the thirty-day period after entry of judgment...." Rule 75.01. At the expiration of this thirty-day period, the judgment becomes final. *Kueper v. Murphy Distributing*, 834 S.W.2d 875, 878 (Mo.App. E.D.1992). "A default judgment set aside within 30 days is not a final judgment. During this 30–day period a default judgment is 'within the breast of the court' and not yet final. Setting it aside is a discretionary act from which no appeal lies." *Obermann v. Obermann*, 701 S.W.2d 162, 164 (Mo.App. E.D.1985). When a trial court sets aside a default judgment after the default judgment has become final, the trial court's order setting aside the default judgment is immediately appealable. *Continental Basketball Ass'n v. Harrisburg Professional Sports Inc. .*, 947 S.W.2d 471, 473 (Mo.App. E.D.1997) (citing *Gantz v. Director of Revenue, State of Missouri*, 921 S.W.2d 156, 157 (Mo.App. E.D.1996)).

■ However, Rule 78.06 and Rule 81.05 allow for the extension of the trial court's control over a judgment from thirty days to ninety days after a motion is filed when it is an "authorized after trial motion." During this ninety-day period, the trial court has the same control over the judgment as under Rule 75.01. *Steiferman v. K–Mart Corp.*, 746 S.W.2d 145, 147 (Mo.App. W.D.1988). At the end of the ninety-day period, any motion not ruled upon is automatically denied. Rule 78.06 and Rule 81.05.

■ In 1993, the Missouri Supreme Court in *Taylor v. United Parcel Service, Inc.*, 854 S.W.2d 390 (Mo.1993), quoted with approval its holding in *In re Franz' Estate*, 359 Mo. 362, 221 S.W.2d 739, 740 (1949) that "a motion to set aside a *default*

---

1. The court in *Obermann v. Obermann*, 701 S.W.2d 162 (Mo.App. E.D.1985) suggests why there was a double granting of the motion to set aside the default judgment. The court suggested "...the [trial] court ruled so on the day of the hearing because the [plaintiff] was entitled to a hearing and the trial judge wanted to delay his final ruling until the hearing was concluded." *Id.* at 163 (citing *State ex rel. Stoffer v. Moore*, 628 S.W.2d 637 (Mo. banc 1982)). The court in *State ex rel. Kairuz v. Romines*, 806 S.W.2d 451, 454 (Mo.App. E.D.1991) further explained that "Rule 75.01 ... expressly requires the parties be provided with an opportunity to be heard as a condition precedent to the exercise of the trial court's power to vacate, reopen, correct, amend or modify its judgment. It has been held under the rule that absent notice to the party adversely affected by the order, the trial court exceeds its jurisdiction and the order is void." *Id.* (citations omitted).

*judgment* 'was nothing more than a motion asking the trial court to reconsider its ruling and to set aside its dismissal order. It was, in fact, simply a motion for rehearing or new trial.' " *Id.* (quoting *In re Franz' Estate,* 221 S.W.2d at 740) (emphasis added). A motion for new trial is clearly a motion that extends the trial court's control to ninety days and an authorized after trial motion is given the same treatment. Rule 81.05. Following this Supreme Court decision, we find that a motion to set aside a default judgment is an "authorized after trial motion" which extends the trial court's control over the judgment from thirty days to ninety days. Similarly, the Western District in *Moore v. Baker,* 982 S.W.2d 286, 288 (Mo.App. W.D. 1998), found that a motion to reconsider the setting aside of a default judgment was treated as a motion for new trial because it involved a judicial examination of the issues. *Id.* (citing *Taylor* 854 S.W.2d at 392).[2]

We find that a motion to set aside a default judgment extends the trial court's control to ninety days. In practice this means when a motion to set aside a default judgment is filed within thirty days of the default judgment, the trial court's control extends to ninety days. A ruling made by a trial court granting a motion to set aside a default judgment *within the ninety-day period* of control is interlocutory in nature and is not immediately appealable and a trial on the merits may follow.

The court in *Steiferman,* 746 S.W.2d 145, explains the procedure when an "authorized after trial motion" is filed within thirty days of the default judgment. "Such filing extends the jurisdiction of the court and the judgment is not final until the expiration of ninety days after the

filing of such motion." *Id.* (citing Rules 81.05 and 78.04.) "During this 90–day period, the court retains the same power under Rule 75.01 and may vacate, reopen, correct, amend or modify the judgment." *Id.* at 147. If a court acts to set aside the judgment within the period in which the trial court maintains control, the default judgment never becomes final. *Id.* The court in *O'Mara v. Gingrich,* 424 S.W.2d 92 (Mo.App.1968) explains why the judgment does not become final. "It cannot be controverted that an order vacating a default judgment within 30 days after rendition does not amount to a final judgment." *Id.* "After the default judgment has been set aside the posture of the case is simply this: No determination of the merits of the case has been made, no rights or duties of either party have been decided and after appropriate responsive pleading has been filed the case will be ready for trial." *Id.* at 93. Without a final judgment, an appellate court lacks jurisdiction to hear the appeal. *Steiferman,* 746 S.W.2d at 147.

Here, the motion to set aside the default judgment was filed on October 23, 1998, only ten days after the October 13, 1998 default judgment. This extended the time the trial court had control over the judgment to ninety days from the day the motion was filed. The second granting of the motion to set aside the default judgment was entered on December 10, 1998, *forty-nine days* after the motion to set aside the default judgment against Defendant was filed and within the ninety-day period in which the trial court maintained control over the judgment, and therefore, no appealable final judgment exists. Here, the default judgment, rendered on October 13, 1998, would therefore not be a final judgment until January 21, 1999; and

---

**2.** Several pre-*Taylor* cases held that a Motion to Set Aside a Default Judgment was not an authorized after trial motion. *See Kueper v. Murphy Distributing,* 834 S.W.2d 875 (Mo. App. E.D.1992), *Fireman's Fund Insurance Company v. Brouk–Ziegler Motor Company,* 841 S.W.2d 778 (Mo.App. E.D.1992, and *Clark v. Brown,* 794 S.W.2d 254 (Mo.App.

S.D.1990). We decline to follow these cases because the Supreme Court in *Taylor* held a Motion to Set Aside a Default Judgment is an authorized after trial motion and because these earlier cases are factually distinguishable. These earlier cases dealt with situations where the motion was untimely. The motion here was timely made within thirty days.

since the trial court acted to set aside the default judgment on December 10, 1998, the judgment never became final. There being no final judgment, this court is without jurisdiction to hear this appeal. Section 512.020, RSMo 1994. The motion to set aside the default judgment is not appealable because the judgment was still under the trial court's control and now a trial on the merits may commence. This appeal must be dismissed.

Appeal dismissed.

CRANE, P.J., and SULLIVAN, J., concur.