STATE of Missouri ex rel Louis EDDY
and Linda Eddy, Relators,

v.

The Honorable Dennis A. ROLF, Judge
of the Circuit Court of Saline
County, Respondent.

No. WD 63059.

Missouri Court of Appeals,
Western District.

March 23, 2004.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 31, 2004.

Application for Transfer Denied
Oct. 26, 2004.

Ann K. Covington, St. Louis, MO, for Relators.

David G. Edwards, Jefferson City, MO, for Respondent.

Before PAUL M. SPINDEN, P.J., ROBERT G. ULRICH and EDWIN H. SMITH, JJ.

ROBERT G. ULRICH, J.

Louis Eddy and Linda Eddy (Relators) petition this court for its writ of prohibition directed to the Honorable Dennis A. Rolf, Judge of the Circuit Court of Saline County (Respondent), requiring him to dismiss cause styled *Larry Joe Johnson, et al v. Louis Eddy and Linda Eddy,* No. CV401–30. Relators claim that Respondent lacks jurisdiction in said cause and that Respondent, therefore, erred in failing to grant their motion to remove the case from Respondent's trial docket. This court's preliminary order in prohibition was entered on August 1, 2003, staying further action by Respondent in the said cause until further order of this court. The preliminary order in prohibition is made absolute.

The underlying case is a will contest in which five people (Plaintiffs) challenge the will of decedent Rachel G. Ritterbusch. Relators were named as defendants. Re-

lators served their first interrogatories upon Plaintiffs on May 16, 2001. Plaintiffs failed to object to or answer the interrogatories as required by Rule 57.01. On August 13, 2001, the trial court ordered Plaintiffs to serve their answers and responses. Plaintiffs failed to comply as directed, and Relators filed a second motion to enforce discovery and for sanctions on September 14, 2001. Following a hearing on the motion, the trial court struck Plaintiffs' pleadings and entered a judgment of default under Rule 61.01(b)(1)[1] on September 28, 2001, in favor of Relators due to Plaintiffs' refusal to serve their discovery answers as ordered.

Twenty-six days later, on October 24, 2001, Plaintiffs filed a motion to vacate the September 28, 2001, judgment. Plaintiffs' sole ground for relief was counsel's purported explanation for missing the hearing on Relators' motion for sanctions. The trial court conducted a hearing on Plaintiffs' motion to vacate on October 25, 2001, and ordered Plaintiffs to respond to the discovery request by November 9, 2001, and to pay the attorney fees incurred by Relators as a result of Plaintiffs' failure to respond to discovery as directed. The trial court's docket entry that day read, "Once plaintiffs have complied with the Court's order, the Default Judgment entered September 28, 2001[,] will be set aside."

On November 8, 2001, forty days after the September 28, 2001, judgment was entered, the trial court entered a judgment in favor of Relators for $4680 for attorney fees incurred in enforcing their rights of discovery. The trial court also ordered Plaintiffs to respond to discovery requests by November 9, 2001. Finally, the judgment stated, "That the Default Judgment entered by this Court on September 28, 2001, is set aside upon payment by Plaintiffs of the judgment awarded herein." Plaintiffs answered the discovery and tendered a check on November 9, 2001.

No further action was taken on this case until it was set for a dismissal hearing on April 14, 2003. At that time, counsel for Plaintiffs and Relators appeared, and the case was set for trial on May 28, 2003. On May 21, 2003, Relators filed a motion to remove the case from the docket arguing that the trial court lost jurisdiction of the case. Relators contended that because the September 28, 2001, judgment was not set aside within thirty days after its entry as required by Rule 75.01, it became a final judgment on October 29, 2001, and any action taken after that date had no legal effect. Following a hearing, the trial court denied Relators' motion and set the matter for trial. Thereafter, Relators filed their petition for writ of prohibition.

"Prohibition is a discretionary writ that lies only to prevent 'an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power.'" *State ex rel. Kinder v. McShane*, 87 S.W.3d 256, 260 (Mo. banc 2002)(quoting *State ex rel. Linthicum v. Calvin*, 57 S.W.3d 855, 857 (Mo. banc 2001)). Generally, if a court is "entitled to exercise discretion in the matter before it, a writ of prohibition cannot pre-

---

1. 61.01(b)(1) provides:

(b) Failure to Answer Interrogatories. If a party fails to answer interrogatories or file objections thereto within the time provided by law, or if objections are filed thereto which are thereafter overruled and the interrogatories are not timely answered, the court may, upon motion and reasonable notice to other parties, make such orders in regard to the failure as are just and among others the following:

(1) An order striking pleadings or parts thereof, or dismissing the action or proceeding or any part thereof, or render a judgment by default against the disobedient party.

vent or control the manner of its exercise, so long as the exercise is within the jurisdiction of the court." *Id.* (quoting *State ex rel. K–Mart Corp. v. Holliger,* 986 S.W.2d 165, 169 (Mo. banc 1999)).

Relators argue that Respondent is prevented from taking any further action in this case because the September 28, 2001, judgment became final on October 29, 2001, thirty days following entry of the judgment and Respondent lacked jurisdiction thereafter. Under Rule 75.01, a trial court retains control over a judgment for thirty days after entry of the judgment, during which it may vacate, reopen, correct, amend, or modify the judgment. *Ratermann v. Ratermann,* 485 S.W.2d 80, 84 (Mo.1972); *Dangerfield v. City of Kansas City,* 108 S.W.3d 769, 772 (Mo.App. W.D. 2003). A judgment becomes final at the expiration of thirty days after its entry if no action has been taken by the trial court to vacate, reopen, correct, amend or modify the judgment. *Ratermann,* 485 S.W.2d at 84; *Miller v. Enyeart,* 893 S.W.2d 901, 903 (Mo.App. W.D.1995). A court's jurisdiction may be extended under Rule 81.05. Rule 81.05 provides that the judgment becomes final at the expiration of thirty days after its entry unless an authorized after-trial motion is filed. *Dangerfield,* 108 S.W.3d at 772. Upon the filing of an authorized after-trial motion, the jurisdiction of the court is extended up to ninety days from the date of the motion or the date the trial court rules on the motion, whichever occurs earlier. Rule 81.05; *Dangerfield,* 108 S.W.3d at 772.

Respondent first contends that he retained jurisdiction of the case because the September 28, 2001, judgment was set aside on October 25, 2001, within thirty days following entry of the judgment. Following a hearing on Plaintiffs' motion to vacate, the trial court, by docket entry, ordered Plaintiffs to respond to the discov-

ery request by November 9, 2001, and to pay the attorney fees incurred by Relators as a result of Plaintiffs' failure to respond to discovery. The trial court also noted, "Once plaintiffs have complied with the Court's order, the Default Judgment entered September 28, 2001[,] will be set aside." This order did not unequivocally set aside the September 28, 2001, judgment on October 25, 2001. It merely expressed the trial court's intention to set aside the judgment upon the performance of certain conditions. Those conditions were not met within the thirty-day period following entry of the judgment during which the trial court retained jurisdiction of the case.

Respondent next asserts that even if the September 28, 2001, judgment was not set aside on October 25, 2001, his jurisdiction of the case was extended from thirty to ninety days upon Plaintiffs' filing of an authorized after-trial motion, specifically their motion to vacate the September 28, 2001, judgment, on October 24, 2001, within the thirty day period following entry of the judgment. In making this assertion, Respondent characterizes the September 28, 2001, judgment as a default judgment and Plaintiffs' October 24, 2001, motion as a motion to set aside the default judgment. As authority for the assertion, Respondent cites *Klaus v. Shelby,* 4 S.W.3d 635 (Mo.App. E.D.1999). The court in *Klaus* held that a motion to set aside a default judgment is an authorized after-trial motion that extends the trial court's control over the judgment from thirty days to ninety days from the date the motion is filed. *Id.* at 637–38.

Contrary to Respondent's assertion, the September 28, 2001, judgment was not a default judgment. The trial court entered judgment against Plaintiffs in this case after it struck their pleadings due to Plaintiffs' refusal to serve their discovery an-

swers as ordered. Rule 74.05, which governs default judgments, is not applicable to a judgment resulting from the imposition of sanctions. *Burleson v. Fleming*, 58 S.W.3d 599, 604 (Mo.App. W.D.2001). "A 'default judgment' imposed as a sanction under the rules of discovery is not governed by Rule 74.05 because it is not a true default judgment." *Id.* Instead, the remedy is imposed on the presumption that no merit exists in asserted defenses or claims in light of the failure to produce information. *Simpkins v. Ryder Freight Sys., Inc.*, 855 S.W.2d 416, 420–21 (Mo. App. W.D.1993). Thus, the judgment does not come by default in the ordinary sense and is treated as a judgment upon trial by the court. *Burleson*, 58 S.W.3d at 604 (citing *Simpkins*, 855 S.W.2d at 420). Consequently, the procedure of Rule 74.05(d) does not govern a motion to set aside a judgment of default entered as a sanction for failure to give discovery. Respondent's reliance on Rule 74.05 and *Klaus* is erroneous.

■ As discussed above, if an authorized after-trial motion is timely filed, the jurisdiction of the trial court over a judgment is extended to ninety days from the date of the motion. Rule 81.05. An authorized after-trial motion is a motion for which the rules expressly provide.[2] *Taylor v. United Parcel Serv., Inc.*, 854 S.W.2d 390, 392 n. 1 (Mo. banc 1993). A motion to set aside or vacate a judgment is not an authorized after-trial motion that extends the trial court's jurisdiction be-

cause it is not a motion for which the rules expressly provide. *State, Dep't of Labor & Indus. Relations v. Ron Woods Mech., Inc.*, 926 S.W.2d 537, 540 (Mo.App. W.D.1996)(citing *Taylor*, 854 S.W.2d at 392 n. 1). Thus, Plaintiffs' October 24, 2001, motion to vacate was not an authorized after-trial motion.

■ Neither can Plaintiffs' October 24, 2001, motion be construed as a motion for a new trial. "A motion for a new trial is a motion directed toward errors of fact or law in the trial." *Taylor*, 854 S.W.2d at 392; *Ron Woods Mech.*, 926 S.W.2d at 540. Plaintiffs' motion did not challenge the trial court's September 28, 2001, judgment. Following a hearing on Relators' second motion to enforce discovery and for sanctions, the trial court struck Plaintiffs' pleadings and entered judgment against them due to their refusal to serve their discovery answers as ordered. Plaintiffs' motion to vacate was not directed toward any error of fact or law alleged to have been made by the trial court in imposing such sanction. Rather, Plaintiffs sole ground for relief was counsel's purported explanation for missing the hearing on Relator's motion for sanctions. Plaintiffs' motion was not a motion for a new trial. In the absence of a timely authorized after-trial motion, such as a motion for new trial, or of a ruling on Plaintiffs' motion to vacate within thirty days of entry of the judgment, the judgment became final on October 29, 2001, and Respondent lost jurisdiction over the case. *Brown v. Beeney*,

---

**2.** "The Supreme Court has recognized six post-trial motions expressly authorized by the rules:

(1) 'a motion to dismiss without prejudice after the introduction of evidence is commenced under Rule 67.01;

(2) 'a motion for directed verdict under Rule 72.01(a);

(3) 'a motion for judgment notwithstanding the verdict under Rule 72.01(b);

(4) 'a motion to amend the judgment [under then-] Rule 73.01(a)(3),' now Rule 78.04;

(5) 'a motion for relief from judgment or order under Rule 74.06(a) and (b), but see, Rule 74.06(c);' and

(6) 'a motion for a new trial under [then-] Rule 78,' now Rule 78.04."

*Dangerfield*, 108 S.W.3d at 773.

756 S.W.2d 940, 942 (Mo.App. E.D.1988). Any action taken by Respondent after that date was, therefore, void. Accordingly, the preliminary order is made absolute, and Respondent is prohibited from taking any further action in this case.

SPINDEN, P.J., and EDWIN H. SMITH, J. concur.