BENCHMARK HEALTHCARE
OF WILDWOOD, LLC,
Respondent,

v.

WHISPERING OAKS RESIDENTIAL
CARE FACILITY, LLC,
Appellant.

No. ED 99178.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 24, 2013.

Motion for Rehearing and/or Transfer
to Supreme Court Denied Nov.
5, 2013.

Application for Transfer Denied
Feb. 4, 2014.

Naren Chaganti, Town & Country, MO, for appellant.

David G. Bender, Clayton, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Whispering Oaks Residential Care Facility, LLC ("Whispering Oaks") appeals from the judgment of the trial court denying its motion to set aside default judgment. Whispering Oaks raises fourteen separate points on appeal. We find none of Whispering Oaks's fourteen points on appeal have merit and affirm the trial court's judgment.

The underlying issue in this case involves a water distribution system located on Whispering Oaks's land and use of the water by its nursing home neighbor, Benchmark Health Care of Wildwood, LLC ("Benchmark"). Whispering Oaks owns property designated Lot 1 and Lot 3 while Benchmark leases Lot 2 from its owner, CRAVIV, LLC. The Missouri Department of Natural Resources brought

suit against Whispering Oaks for violations of the Missouri Safe Water Drinking Act. Benchmark filed a motion to intervene in that lawsuit and sought a receivership over the property.

In a separate proceeding, Benchmark sought a temporary restraining order, injunctive relief, and declaratory judgment regarding the parties' interests in an easement agreement signed by previous owners of the land. Benchmark's petition alleged the easement agreement ran with the land and was therefore binding on the parties. Benchmark attempted service upon Whispering Oaks and its attorney, Naren Chaganti.[1] After several failed attempts to serve Whispering Oaks and Mr. Chaganti, Benchmark conducted a search that revealed Whispering Oaks had been administratively dissolved and that the Missouri Secretary of State was its registered agent. Benchmark then served the Missouri Secretary of State with its petition.

On April 6, 2012, Benchmark filed an order of default and inquiry. On April 27, 2012, the trial court entered default judgment in favor of Benchmark. On May 25, 2012, Whispering Oaks filed a motion to set aside default judgment.

On October 5, 2012, the trial court held a hearing where Whispering Oaks argued its motion to set aside default judgment and two other motions.[2] At the end of the hearing, the trial court requested proposed orders from both attorneys for Whispering Oaks's motion to set aside default judgment and other motions. The trial court thereafter adopted Respondent's proposed order, denying Whispering Oaks's motion to set aside default judgment on October 10, 2012 because there was "no credible evidence" to support setting aside the judgment. This appeal follows.

Before we address Whispering Oaks's points on appeal, we note a number of orders issued by this Court that limit our review.

Whispering Oaks initially appealed the trial court's April 27, 2012 entry of default judgment against Whispering Oaks on October 23, 2012. Since that appeal was filed, this court has issued four separate orders regarding timeliness and other issues. The result of these orders is that the only judgment we may review on appeal is the trial court's denial of Whispering Oaks's motion to set aside default judgment, which was part of the trial court's October 10, 2012 order. Therefore, points 1, 2, 6, 8, 10, and 14 are dismissed because they allege errors to judgments other than the denial of the motion to set aside default judgment.[3]

Before addressing the remaining points on appeal, we note that it is unclear whether Whispering Oaks's motion to set aside default judgment was intended to be a Rule 74.06[4] motion or a Rule 74.05 motion.

---

1. Mr. Chaganti is also the owner of Whispering Oaks.

2. A motion to dismiss and a motion for sanctions were also argued and were part of the trial court's October 10, 2012 order. For reasons discussed below, we need not address those motions on appeal.

3. Point 1 alleges a separate trial court division erred in granting Benchmark's application for change of judge. Point 2 alleges that division erred in granting the change of judge

on separate grounds. Point 6 alleges error in the default judgment itself for failure to join parties. Point 8 alleges error on an alternative motion for judgment on the pleadings. Point 10 alleges error in entertaining ex parte communications. Point 14 alleges error in denying Whispering Oaks's motion for sanctions.

4. All rule references are to Missouri Court Rules (2012) unless otherwise noted.

Whispering Oaks's motion to set aside default judgment alleged (1) there was no service of process upon Whispering Oaks, (2) notice of the order of default was not served upon Whispering Oaks, (3) the default judgment was not served upon Whispering Oaks, (4) the trial court lacked subject matter jurisdiction over Whispering Oaks because a different division was hearing the same matter, and (5) the trial court should hear arguments on the merits rather than entering default judgment.[5] The Motion then concludes by arguing the trial court should set aside the default judgment under "mistake, excusable neglect."[6]

The motion is arguably a Rule 74.06(b)(1) motion because Whispering Oaks argues the default judgment "should be set aside under 'mistake, excusable neglect.'" Rule 74.06(b)(1) states a court may relieve a party from a final judgment or order, upon motion and upon such terms as are just, based on "mistake, inadvertence, surprise, or excusable neglect." Rule 74.06(b)(1).

Whispering Oaks mentions "excusable neglect" in its twelfth point on appeal, but this brief discussion is within a larger discussion for "good cause." To the extent any of Whispering Oaks's points on appeal attempt to challenge the trial court's judgment under Rule 74.06, Whispering Oaks failed to make an adequate showing of mistake or excusable neglect and cannot succeed under this rule.

 The motion to set aside default judgment is also arguably a Rule 74.05(d) motion because the title of the motion suggests Whispering Oaks challenges the default judgment under Rule 74.05. Rule 74.05(d) provides that upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. Rule 74.05(d). "The meritorious defense requirement is satisfied if the defaulting party sets forth allegations which, if supported by evidence found credible by the fact-finder, would defeat the plaintiff's claim." *T.T. v. Burgett*, 380 S.W.3d 577, 581 (Mo.App.W.D.2012). Failure to establish either the "meritorious defense" element or the "good cause" element of a motion pursuant to Rule 74.05(d) is fatal to the motion. *Saturn of Tiffany Springs v. McDaris*, 331 S.W.3d 704, 709 (Mo.App.W.D.2011).

However, to the extent this motion is a Rule 74.05(d) motion, it fails to address the meritorious defense element of the rule. Whispering Oaks did not set forth allegations in its motion that, if true, would defeat Benchmark's claim that the easement ran with the land. Many of Whispering Oaks's arguments in its Motion arguably go to the issue of good cause, but a Rule 74.05(d) motion requires a showing of both good cause *and* meritorious defense.

5. In full, this argument states, "Finally, the court should hear the arguments on the easement agreement on the merits and not sign a document prepared by the plaintiff as determinative of the rights and remedies. Even if Whispering Oaks did not appear, default entry of judgment on the rights of the easement agreement is not correct and the court should set aside the judgment." Whispering Oaks's point here is unclear. Perhaps it argues the trial court cannot sign a proposed order prepared by the plaintiff in a case. Perhaps it argues default judgment cannot be entered even if a defendant fails to appear. Whatever Whispering Oaks's intent, we do not interpret this argument as going toward the issues of good cause or meritorious defense under Rule 74.05(d) or the issue of excusable neglect under Rule 74.06(a)(1).

6. Whispering Oaks discusses additional reasons to set aside the default judgment in its memorandum in support, but those reasons are not included in its motion.

Because the motion did not allege a meritorious defense, the trial court did not err in denying it. Any issue alleging meritorious defense was not raised before the trial court and a Rule 74.05(d) motion cannot succeed on a showing of good cause alone. Therefore, Whispering Oaks cannot succeed on appeal under Rule 74.05(d).[7]

We now address Whispering Oaks's remaining points on appeal-points 3, 4, 5, 7, 9, 11, 12, and 13. These points all allege error, at least indirectly, with the trial court's denial of Whispering Oaks's motion to set aside default judgment.

■ For its third point on appeal, Whispering Oaks argues the trial court erred because the court lacked subject matter jurisdiction in that another action was pending between the same parties for the same cause in Division 7. We disagree.

Some defenses are waived if neither made by motion under Rule 55.27 nor included in a responsive pleading, including "that there is another action pending between the same parties for the same cause in this state." Rule 55.27(g)(1)(F).[8] Whispering Oaks did not make the proper motion or include this defense in a responsive pleading. Therefore, Whispering Oaks waived this defense. Point denied.

■ For its fourth point on appeal, Whispering Oaks argues the trial court erred because Whispering Oaks was not properly served. We disagree.

Service on a limited liability company may be made upon its registered agent. Section 347.033.1 [9]. When a limited liability company fails to maintain a registered agent in Missouri, the Secretary of State is automatically appointed as registered agent. Section 347.033.3.

Whispering Oaks failed to maintain a registered agent and the Missouri Secretary of State was appointed registered agent as of January 11, 2013. Benchmark properly served the Secretary of State as registered agent of Whispering Oaks. Point denied.

■ For its fifth point on appeal, Whispering Oaks argues the trial court erred because Benchmark lacked standing to bring the action. We disagree.

Any party may obtain a declaratory judgment in any instance in which it will terminate a controversy or remove an uncertainty. Rule 87.02(d). Here, the underlying controversy is whether the water line easement ran with the land such that Benchmark, as tenant of Lot 2, would be entitled to reimbursement for maintenance and repairs to the water line. We find Benchmark meets the definition of "any party" and we find the dispute between Benchmark and Whispering Oaks meets the definition of "a controversy" or "an uncertainty." Therefore, Benchmark had standing to seek declaratory relief. Point denied.

■ For its seventh point on appeal, Whispering Oaks argues the trial court erred because the judgment exceeds the relief requested. We disagree.

Benchmark requested a declaratory judgment declaring it had a valid and existing easement, injunctive relief, costs, and attorney's fees. The trial court declared the easement was valid as to all parties in legal possession, but did not

---

7. We will, however, briefly discuss each point and explain why each one is meritless.

8. In his reply brief, Appellant notes that Rule 55.27(g)(2) was amended effective January 1, 2012. Rule 55.27(g)(1) was not amended, however, and is the relevant rule for this point on appeal.

9. All statutory references are to RSMo 2000 unless otherwise noted.

award injunctive relief, costs, or attorney's fees. While the judgment mentions the easement is valid as to all parties in legal possession rather than naming Benchmark alone, this word choice does not amount to judgment in excess of the relief requested. Clearly, Benchmark was seeking a judgment declaring that the Easement Agreement ran with the land and was therefore binding upon Whispering Oaks and Benchmark. The judgment provided that requested relief and did not exceed the requested relief. Point denied.

■ For its ninth point on appeal, Whispering Oaks argues the trial court erred because Whispering Oaks did not receive timely notice of the hearing for the order of default. We disagree.

No service need be made on parties in default for failure to appear, except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons. Rule 43.01(a)

The petition was properly served upon Whispering Oaks's registered agent, the Missouri Secretary of State, as discussed in point four. Benchmark filed an alternative motion and notice of hearing which moved for judgment on the pleadings in the event Whispering Oaks appeared at the default hearing. This motion was served upon the Missouri Secretary of State, registered agent for Whispering Oaks, on April 13, 2012. Point denied.

■ For its eleventh point on appeal, Whispering Oaks argues the trial court erred because the court never held an evidentiary hearing on the issue of whether Whispering Oaks was properly served at which Whispering Oaks could establish good cause to set aside the judgment. We disagree.

Whispering Oaks argues the October 5, 2012 hearing was insufficient to meet the requirement of an evidentiary hearing, relying on *Moore v. Baker,* 982 S.W.2d 286 (Mo.App.W.D.1998). In *Moore,* the trial court held no hearing on the motion to set aside default judgment.

Here, the trial court held a hearing where Whispering Oaks was able to argue its motion to set aside default judgment and other motions. At the hearing, Benchmark offered evidence showing Whispering Oaks had been administratively dissolved. Whispering Oaks does not identify evidence it was unable to present at this hearing. On the contrary, the hearing provided the trial court with a complete evidentiary record upon which it could make an informed judgment. At the end of the hearing, the trial court requested proposed orders from both attorneys. After reviewing both proposed orders, the trial court adopted Benchmark's proposed order. We find the trial court held a hearing on Whispering Oaks's Motion to Set Aside Default Judgment. Point denied.

For its twelfth point on appeal, Whispering Oaks argues the trial court erred because Whispering Oaks showed good cause and provided meritorious defenses for its failure to appear. We disagree.

In this point, Whispering Oaks argues many of its previous points under the umbrella of "good cause and meritorious defenses." As we have denied these points earlier in our analysis, this point too must fail. Point denied.

For its thirteenth point on appeal, Whispering Oaks alleges the trial court erred based on the rules of contract interpretation for the underlying easement agreement. We disagree.

This point on appeal appears to be Whispering Oaks's meritorious defense argument. However, this argument was not included in Whispering Oaks's motion to

set aside default judgment and the words "meritorious defense" do not appear anywhere within the argument. To the extent this argument is, in fact, a meritorious defense argument, the trial court never had a chance to rule on it as it did not appear in Whispering Oaks's motion to set aside default judgment or the memorandum in support. We will not convict the trial court of error on something which it was not accorded an opportunity to rule and is presented for the first time on appeal. *Arnold v. Minger,* 334 S.W.3d 650, 654 (Mo.App.S.D.2011). Point denied. The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY, P.J. and SHERRI B. SULLIVAN, J., concur.